**In re Clarence W. NESSET and Marie Rose Nesset, Debtors.**

**Clarence W. NESSET and Marie Rose Nesset, Plaintiffs,**

v.

**BLUEHER LUMBER COMPANY, Defendant.**

**Bankruptcy No. 82–01203 MA.**
**Adv. No. 83–0060 M.**

United States Bankruptcy Court,
D. New Mexico.

Sept. 26, 1983.

Thomas E. Tapia, Albuquerque, N.M., for plaintiffs.

Douglas R. Vadnais, Albuquerque, N.M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELY, Bankruptcy Judge.

This matter came before the Court on the debtors' complaint to avoid the judgment lien of Blueher Lumber Company. The debtors assert that defendant's judgment lien on debtors' real property is voidable because it impairs an exemption to which they are entitled. Blueher Lumber Company contests the debtors' complaint on the grounds that they do not own the property or, alternatively, they are not entitled to exempt any property that was fraudulently conveyed.

On February 11, 1982, Blueher Lumber Company filed a complaint on a promissory note against debtor Clarence Nesset. A default judgment was entered against him on March 22, 1982, which judgment has been recorded and constitutes a valid lien on all real property owned by the debtor in Bernalillo County, New Mexico. On November 16, 1982, the debtors filed for bankruptcy. However, on February 16, 1982, the debtors created a trust and transferred all of their real and personal property to the trust. Furthermore, on March 26, 1982, debtors recorded the transfer of legal title to their residence to the trust.

Debtors filed a complaint on January 21, 1983, to avoid defendant's judicial lien on debtors' real property. Debtors rely on 11 U.S.C. § 522(f)(1) (1978), asserting that defendant's judgment lien impairs the homestead exemption to which they are entitled.

Defendant opposes the lien avoidance, asserting that the debtors are not entitled to the homestead exemption pursuant to N.M.S.A. § 42–10–9 (1982) on the grounds that the debtors transferred title to the property to the trust and, therefore, they are not the owners of the property. Defendant also asserts that the conveyance by the debtors of all of their property to the trust was fraudulent and that they are not entitled to exempt any property fraudulently conveyed.

■ The defendant's lien should be voided pursuant to § 522(f) of the bankruptcy code, regardless of whether the transfer by debtors of all of their property to the trust is valid. First, if the conveyance to the trust has no legal force and effect, the debtors are still the legal owners of the property. The debtors as legal owners of the real property are entitled to the homestead exemption as provided by N.M.S.A. § 42–10–9.

■ Second, if the conveyance by the debtors to the trust is valid, then the debtors as beneficiaries of the trust, have an equitable interest in the real property. The defendant's lien then attaches to debtors' real property, because equitable as well as legal interests in real estate are subject to judgment liens. *Mutual Building & Loan Association v. Collins,* 85 N.M. 706, 516 P.2d 677 (1973). Finally, debtors are entitled to the New Mexico homestead exemption because equitable as well as legal owners of real property are entitled to claim the exemption. *Mutual Building & Loan Association, supra.*

■ The Court must next address the issue of whether fraud can be raised as a defense in an action to avoid a lien under § 522(f)(1) of the bankruptcy code. For the purposes of this discussion only, we take the allegations of fraud by the defendant as true, and conclude that fraud is not an issue which may be raised in an action by a debtor to avoid a lien under § 522(f)(1).

The Court finds support for this conclusion in *Krajci v. Mt. Vernon Consumer Discount Company (In re Krajci),* 6 B.C.D. 1322, 7 B.R. 242 (Bkrtcy.E.D.Penn.1980). In *Krajci,* the bankruptcy court held that under the plain language of § 522(f)(1), the only relevant issues are: (1) whether the lien is a judicial lien and (2) whether the lien impairs an exemption of the debtors. The court further found that § 522(f)(1) does not expressly state that fraud is a defense to the avoidance of a lien. Finally, the court reasoned that a fraud defense should not be read into § 522(f)(1) because where Congress intended that fraud be a bar to the relief for the debtors, it has said so explicitly. For example, fraud is expressly an issue in determining the debtors' right to a discharge under sections 727(a)(2) and (4), and in determining the dischargeability of a debt under § 523(a)(2).

We find the reasoning in *Krajci* convincing and conclude that the defendant's fraud defense may not be raised in debtors' action to avoid the lien under § 522(f)(1). *See also,* 3 Collier on Bankruptcy ¶ 522.08 at 522–34 (15th Ed.1980) (exemptions are not treated by the code as a "carrot on a stick" and the families of even dishonest debtors need support and should not become charges upon the state.)

The Court also concludes that the debtors' transfer of property into the trust could

not be in fraud of creditors because the debtors would be entitled to the homestead exemption whether the transfer was made or not. As already discussed, if the transfer to the trust is invalid then the debtors are still legal owners of the property, and as such are entitled to the homestead exemption. Additionally, if the transfer is valid, then the debtors are entitled to the homestead exemption as equitable owners of the property. Therefore, even if the debtors thought they were defrauding their creditors by transferring their property into the trust, they were not.

The debtors then, either as legal or equitable owners of the real property, are entitled to the New Mexico homestead exemption. Furthermore, § 522(f)(1) of the bankruptcy code provides that a debtor may avoid the fixing of a judicial lien to the extent that the lien impairs an exemption to which the debtors are entitled. The defendant's judgment lien on debtors' real property may therefore be avoided to the extent of the value of real property exempted by the debtors under § 522(b) of the bankruptcy code.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.