In re Asencion & Dolores GALLARDO, Debtors.

Asencion Cruz GALLARDO and Dolores Garza Gallardo, Plaintiffs,

v.

The FARMERS & MERCHANTS STATE BANK, Defendant.

Bankruptcy No. 82–1029.
Related Case: 82–02044.

United States Bankruptcy Court, N.D. Ohio, W.D.

Dec. 20, 1983.

Patricia Sawin, Toledo, Ohio, for plaintiffs.

Jan H. Stamm, Wauseon, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Complaint to Avoid Lien filed by the Plaintiffs-Debtors. The Complaint seeks to avoid a judicial lien on real estate held by the Defendant. The facts of this case are not in dispute. Accordingly, the parties have submitted memoranda with the intention that this Court make a finding in this case based solely thereon.

### FACTS

The Debtors are the owners of a parcel of real estate which they use as their personal residence. On January 15, 1982, the Defendant obtained a judicial lien on this property in the amount of Nine Thousand Two Hundred Fifty-three and 36/100 Dollars ($9,253.36) plus interest. This lien was the second interest in the house, inasmuch as a mortgagee held the first lien. On April 27, 1982, the Defendant initiated foreclosure proceedings in the Fulton County Court of Common Pleas. A default judgment was entered in that action on June 10, 1982. The Order of sale was issued on August 25, 1982, with a sale scheduled for October 13, 1982. The Debtors filed their bankruptcy petition on September 24, 1982. On their schedules the Debtors listed their residential property as property of the es-

tate and as exempt property. Although the case has been administratively closed, the Debtors have executed a reaffirmation agreement with the mortgagee and are continuing to use the property as their residence.

### LAW

The avoidance of liens on exempt property is authorized by 11 U.S.C. § 522(f) which states in pertinent part:

"... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien..."

Since Ohio Revised Code § 2329.662 has precluded the use of the federal exemptions, the Debtors have claimed their residence as exempt pursuant to Ohio Revised Code § 2329.66 which states that:

"(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence."

It should be noted that this action is not precluded by the recent decision of *Giles v. Credithrift,* 717 F.2d 281 (6th Cir.1983). As indicated in this Court's decision in *In re Morelock,* 35 B.R. 518 (Bkrtcy.N.D.Ohio 1983), *Giles v. Credithrift* and Ohio Revised Code § 2329.661 do not preclude the application of 11 U.S.C. § 522(f) to avoid judicial liens. Since the liens in this case are judicial in nature, this action may be decided on issues which extend past the *Giles v. Credithrift* limitations.

■ The filing of the Debtors' bankruptcy petition created an estate of the Debtors' property. The contents of this estate are defined, in part, by 11 U.S.C. § 541 which states that:

"... Such estate is comprised of all the following property, wherever located ... [including] all legal or equitable interests of the debtor in property as of the commencement of the case..."

In Ohio a person subject to an execution of real estate and an order of sale has a statutory right to redeem the property. This right is set forth in Ohio Revised Code § 2329.33 which states in pertinent part:

"In sales of real estate on execution or order of sale, at any time before the confirmation thereof, the debtor may redeem it from sale by depositing in the hands of the clerk of the court of common pleas to which such execution or order is returnable, the amount of the judgment or decree upon which such lands were sold..."

Under this statute a debtor retains the right of redemption until the sale has been confirmed.

■ It is well established that a right of redemption which exists at the time a bankruptcy petition is filed becomes property of the bankruptcy estate. *Bank of Ravenswood v. Patzold,* 27 B.R. 542 (N.D.Ill. 1982), *Bank of Commonwealth v. Bevan,* 13 B.R. 989 (E.D.Mich.1981), *In re H & W Enterprises,* 19 B.R. 582 (Bkrtcy.N.D.Iowa 1982). As property of the estate, a debtor may claim that it is exempt from the estate and may avoid any liens which impair that exemption. 4 *Collier on Bankruptcy* 15th ed. § 541.07[3]. The fact that the redemption is statutory rather than equitable does not preclude the exercise of the avoiding power, *Bank of Commonwealth v. Bevan,* supra, inasmuch as equity in property is not a prerequisite to lien avoidance. *See for example, In re Mitchell,* 25 B.R. 406 (Bkrtcy.N.D.Ga.1982). 11 U.S.C. § 522(f) only requires that the Debtor have an interest in the property.

■ In the present case the right of redemption which exists pursuant to Ohio Revised Code § 2329.33 is an interest which becomes part of the bankruptcy estate upon the filing of the petition. This right is an interest in real estate which is entitled to be exempted from the estate. Ohio Revised

Code § 2329.66(A)(1). Since this exemption is an interest in property that is impaired by a judicial lien, the lien is subject to avoidance by the exercise of the power under 11 U.S.C. § 522(f).

The Defendant has argued that the case of *Wayne Savings & Loan Co. v. Young,* 49 Ohio App.2d 35, 358 N.E.2d 1380 (1976), is applicable to this case. He asserts that the statutory right of redemption is not a specie of alienable property which gives the Debtor an equitable interest in the property. However, that case dealt with whether or not a debtor could transfer the statutory right of redemption. It does not address the question of whether the statutory right is sufficient interest in property so as to enable a debtor to exercise the avoidance power available under the Bankruptcy Code. For the foregoing reasons, it is held that the statutory right is sufficient interest. In reaching this conclusion the Court has considered all the evidence and arguments of counsel, regardless of whether or not they were specifically referred to in this Opinion.

Therefore, it is ORDERED that the lien be, and it is hereby, AVOIDED, to the extent it impairs the Debtors exemption.