In re Arthur J. DESROSIERS, Sr. and Deborah A. Desrosiers.

Arthur J. DESROSIERS, Sr. and Deborah A. Desrosiers, Plaintiffs,

v.

**PIONEER VALLEY CREDIT UNION, Defendant.**

**Bankruptcy No. 84–137.**

United States Bankruptcy Court, D. New Hampshire.

April 10, 1985.

Paul A. Rinden, Concord, N.H., for defendant.

Lawrence G. Brann, Keene, N.H., for plaintiffs.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This case presents a simple question under § 522(f)(1) of the Bankruptcy Code that one initially would assume must have been decided many times before, i.e., can a debtor attack as a "judicial lien" a judgment creditor's "ownership" rights under a deed received from a levy and execution sale that occurred before bankruptcy? More precisely, can such an attack be made, completely avoiding the lien, when bankruptcy occurred during a redemptive period granted to the debtor under State law?

Neither counsel nor the Court have been able to discover any reported decision on this precise question. It should be emphasized that what is involved is *not* the exercise of the redemptive rights as "property of the estate" but rather a request to nullify the judgment creditor's rights *in toto* without any payment of the judgment debt.

The Chapter 7 Petition in this case was filed on April 11, 1984. The defendant Pioneer Valley Credit Union (hereinafter "Pioneer") obtained a judgment in the federal district court on April 11, 1983. That court issued a writ of execution in the amount of $11,693.65 on May 10, 1983 and the U.S. Marshal levied on the property on November 23, 1983. Thereafter, on January 12, 1984, the marshal conducted a marshal's sale at which Pioneer bid in the property and obtained on February 6, 1984 a marshal's deed transferring the property to itself.

The property in question is scheduled at a fair market value of $48,000.00, with the first mortgage to a party not here involved in the amount of approximately $42,000.00. Accordingly, it is clear that if the Pioneer debt must be paid out of the property the debtors' total exemption of $10,000.00 under New Hampshire homestead exemption law would be impaired within the meaning of § 522(f)(1) of the Bankruptcy Code.

The debtor cites the case of *In re Gallardo*, 35 B.R. 321, 10 CBC 22 (N.D.Ohio 1983) as analogous authority. In that case the creditor obtained a judgment and proceeded with a foreclosure proceeding as provided under Ohio Law to enforce its judgment lien. An order of sale was entered in the foreclosure proceeding but bankruptcy intervened before the sale was actually held. Ohio Law granted the debtor a statutory right of redemption which the Court in *Gallardo* held was a sufficient interest in property to permit the debtor to exercise the Bankruptcy Code § 522(f)(1) power. However, the *Gallardo* case is not much help in the present situation since there had been no transfer of title or ownership prior to bankruptcy in that case. In fact it is unclear why the Court in *Gallardo* chose to refer to the right of redemption as the basis for its decision at all. The debtor in that case apparently still had legal title to the property in question.

A case decision which presents a closer analogy to the present facts appears in *In re Nesset*, 33 B.R. 326, 11 BCD 264 (N.M. 1983), in which the debtors had transferred title to the realty in question to a trust prior to bankruptcy. The Court held that the debtors nevertheless could exercise the Code § 522(f)(1) power based on their "equitable interest" in the real property. Those facts are still distinguishable from the present case in that the debtors in the *Nesset* case not only had an equitable interest but apparently had "equitable ownership" as beneficiaries of the trust involved. In the present case, the ostensible ownership had been transferred pre-bankruptcy to the creditor. The debtors retained only their statutory right of redemption under New Hampshire Revised Statutes, R.S.A. § 529:19.

At bottom the present case presents the question as to whether this Court can look beyond the "ownership" the creditor claims it holds in the property in question to determine if its actual rights in substance are unchanged for purposes of a § 522(f)(1)

avoidance action. In other words, can the Court deem that interest in substance nothing more than a continuing "judicial lien" to enforce collection of its debt which may be avoided under the Code provision?

Looking at the exact wording of the statutes in question the Court notes that § 522(f)(1) provides:

"Notwithstanding any waiver of the exemptions, the debtor may avoid the fixing of a lien on the interest of the debtor and property to the extent that such lien impairs an exemption ... if such lien is ... a judicial lien...."

and that "lien" is defined under § 101(31) to mean a *"charge against or interest in property to secure payment of a debt or performance of an obligation."* The words "judicial lien" are further defined in § 101(30) to mean a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceding."

The parties agree that the judgment execution sale in this case, although conducted by the U.S. Marshal as a result of the diversity jurisdiction lawsuit, was subject to the redemptive provisions of New Hampshire Revised Statutes, R.S.A. § 529:26, which provides as follows:

"*Redemption.* The sale and deed made in pursuance thereof *shall be void* if, within one year after the sale, the debtor shall pay or tender to the purchaser the purchase money, and all reasonable sums paid by him for taxes, insurance, repairs and the redemption of mortgages upon the estate, to protect and preserve the interest purchased by him, with interest thereon from the dates of payments respectively, less the rents and profits received, or which might have been received, by him and with which he is justly chargeable." (Emphasis supplied)

It is clear that whatever rights the judgment creditor obtained in the property by virtue of the execution sale and U.S. marshal's deed were subject to being completely nullified upon payment of the debt due pursuant to the foregoing provisions. Such rights sound a good deal like a "charge against or interest in property to secure payment of a debts" i.e., the Bankruptcy Code definition of "lien" as set forth above.

The creditor Pioneer Valley nevertheless argues in its memorandum that

"The fact of the matter is that the defendant-creditor herein has taken a real property interest in the debtors' former land. The creditor moved past the point of holding a 'lien' under U.S.C. § 101(31) and into ownership upon purchase of the property at the sale.... The creditor's claim to the property in this case is no longer a remedial tool. It is tantamount to fee ownership, good against the world, and subject only to the debtors' right of redemption."

In the absence of any judicial authority to the contrary this Court concludes that "fee ownership" of such an attenuated nature is not materially different from the "judicial lien" which Congress intended a bankruptcy debtor could avoid pursuant to § 522(f)(1) of the Bankruptcy Code. Although not strictly on point here, the Court notes that it has been held that state law definitions of exempt property will not be permitted to frustrate the clearly-established "fresh start" relief Congress intended to grant bankruptcy debtors under § 522(f) of the Bankruptcy Code. *In re Hall,* 752 F.2d 582, 12 BCD 949 (11th Cir. 1985); *In re Lawson,* 42 B.R. 206, 12 BCD 62 (Ky.1984). But see contra, *In re Pine,* 717 F.2d 281 (6th Cir.1983); *Matter of McManus,* 681 F.2d 353 (5th Cir.1982).

In essence the position taken by the judgment creditor in the present case is that this Court must rigidly apply concepts of "title" and "ownership" as being significant enough to defeat the debtor's avoiding power under federal bankruptcy law even though in substance the Court finds that the relative rights of the parties were not materially changed by the issuance of the execution sale deed in question. As a court of equity, this Court has the power to look through form to substance and finds the present case an appropriate instance in which to exercise that power.

Separate judgment will be entered determining the judgment lien and marshal's deed nullified as to these debtors pursuant to the provisions of the Bankruptcy Code.