### In re COFFMAN.

(District Court, N. D. Texas. April 12, 1899.)

#### No. 9.

BANKRUPTCY—EXEMPTIONS—GROWING CROPS.

Where the homestead laws of the state do not include growing crops, a bankrupt cannot claim, as exempt property under the bankruptcy act, a crop growing on his homestead at the time of the adjudication in bankruptcy, although an execution could not have been levied on such crop before its severance; and if, after the appointment of the trustee, the bankrupt gathers and removes the crop, he must surrender the same, or the proceeds of its sale, to the trustee.

In Bankruptcy. On review of decision of referee. Affirmed.

Seay &.Seay, for B. F. Coffman.

D. A. Eldridge, pro se.

MEEK, District Judge. The bankrupt, B. F. Coffman, complains of the action of the referee in sustaining the motion of the trustee, asking that the bankrupt be compelled to turn over to the trustee, or account for, the proceeds of the sale of three bales of cotton. The cotton composing the three bales was, at the time Coffman was adjudicated a bankrupt, growing on his homestead. Subsequent to the appointment and qualification of the trustee, it was gathered and taken from said homestead. The bankrupt claims said cotton as exempt to him under the laws of Texas. The exemption laws of the state of Texas in effect at the time of the filing of the petition herein did not include crops growing upon the homestead. Rev. St. Tex. 1895, art. 2395. While execution could not be levied upon a crop growing upon a homestead, yet execution can be levied on a crop after it has been gathered and removed from the homestead. Coates v. Caldwell, 71 Tex. 21, 8 S. W. 922; Silberberg v. Trilling, 82 Tex. 526, 18 S. W. 591. This cotton not being exempt to the bankrupt, the title to the same which he may have possessed at the time he was adjudged a bankrupt vested, by operation of law, in the trustee, upon his appointment and qualification, as of the date of said adjudication. Bankruptcy Act 1898, § 70. The trustee could not, at the time of his appointment and qualification, take possession· of said cot-

ton, without entering upon the homestead of the bankrupt to gather it. The law does not countenance such intrusion and violation of the homestead right in the levy of an ordinary execution upon a judgment. Coates v. Caldwell, 71 Tex. 21, 8 S. W. 922. But in a case of voluntary bankruptcy, where the bankrupt comes forward, and tenders all of his property subject to execution, to be applied ratably on his debts, in order that he may reap the benefits of the bankruptcy act, the question may well be asked, does he not, by his act, extend an invitation and give warrant to the trustee to come upon his homestead and gather that which belongs to his creditors? This question, however, does not arise here, as the trustee only seeks to have reduced to his possession three bales of cotton, or the proceeds thereof, which had been gathered and removed from the homestead. In view of the holding of the court that such cotton was not exempt to the bankrupt, and that the title to the same passed to the trustee as of the date of his adjudication as a bankrupt, the ruling of the referee herein will be affirmed, and the costs of this appeal will be taxed against the bankrupt.