## In re DAUBNER.

(District Court, D. Oregon. August 24, 1899.)

No. 85.

1. BANKRUPTCY—EXEMPTIONS—HOMESTEAD.

Under Bankruptcy Act 1898, § 70, providing that a trustee in bankruptcy shall be vested with the title of the bankrupt to his property, except as to "property which is exempt," land acquired by the bankrupt under the United States homestead law cannot be subjected, in the bankruptcy proceedings, to the payment of any debt contracted by him before the issuance of the patent for such land, it being exempt as to all such debts by the terms of the homestead act (Rev. St. § 2296).

2. SAME—GROWING CROPS.

Crops growing upon the homestead of a voluntary bankrupt at the time of his adjudication are not exempt, but will pass to his trustee in bankruptcy for the benefit of the creditors.

In Bankruptcy. On review of rulings of referee in bankruptcy.

J. T. Hinkle, for bankrupt.

Charles H. Carter, for trustee in bankruptcy.

BELLINGER, District Judge. The bankrupt claims a homestead of 160 acres of land, with growing crops, as exempt under the state homestead law, excepting as to two claims in favor of the First National Bank of Pendleton,—one of which is evidenced by a note dated November 1, 1892, and the other by a note dated April 27, 1893,—the state homestead law not having gone into effect until after the making of the latter note; and this much is conceded by the trustee. But it is claimed further for the bankrupt that the homestead is exempt as to these debts of the bank under the homestead law of the United States. That law contains this provision: "No lands acquired under this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor." Rev. St. § 2296. The patent in this case was issued October 13, 1898. It is provided by the bankrupt law that title, except in so far as it is to property which is exempt, shall vest in the trustee to all property which, prior to the filing of the petition, the bankrupt could, by any means, have transferred, or which might have been levied upon and sold under judicial process against him; and the trustee contends that, inasmuch as the bankrupt could have disposed of this property prior to the filing of the petition, it is therefore not exempt as homestead; that the bankrupt act modifies the homestead law so as to exclude bankrupts from the benefit of its provisions. But the words in the latter act, "except in so far as it is to property which is exempt," used with reference to the title which is vested in the trustee by operation of law, show that it was not the intention to vest title to property like this in the trustee. Section 70 of the bankrupt law plainly says: "The trustee" shall "be vested by operation of law with the title of the bankrupt" "to all property which, prior to the filing of the petition, he could by any means have transferred," "except in so far as it is to property which is exempt." The property in question was at the time exempt, and against this clause in the bank-

rupt law it cannot be held that congress intended by that law to modify the homestead law of the United States. As to the growing crops, I conclude that they are not exempt in case of voluntary bankruptcy. In re Coffman, 93 Fed. 422. While, for many purposes, growing crops are held to be a part of the realty, yet in many cases they have been treated as personalty, and held liable to attachment or execution and levy and sale. Upon a sale of the land the growing crops, unless reserved, would pass to the purchaser, but they are capable of reservation and of mortgage and sale by the owner of the land, and when such owner voluntarily goes into bankruptcy he must be held to intend that such of his property and rights as are the subject of disposition by him, and are not expressly exempt, shall vest in the trustee for the benefit of creditors. Such crops are the fruits of the bankrupt's industry, or of his investment of money, or both. It would be productive of great injustice if the owner of a homestead is permitted to spend his money in planting crops upon exempt land, and then between seed time and harvest procure a discharge in bankruptcy, and so reap what was sown at the expense of creditors. By such a device the bankrupt might secure a discharge from his debts, and retain his property, with its increase, and the bankruptcy law be made an instrument of fraud. The rulings of the referee are affirmed.