In re ISLAND AVIATION, INC., d/b/a Island Air and Pacific Island Airways, Debtor.

Bankruptcy No. 82–00014.

United States Bankruptcy Court, D. Hawaii.

Aug. 16, 1983.

Norman L. Ashton, Agana, Guam, for MIC.

Paul J. Rodgers, Agana, Guam, for Island Aviation, Inc. d/b/a Island Air and Pacific Island Airways, debtor.

Stephen H. Cronin, trustee.

## MEMORANDUM DECISION AND ORDER RE: INTEREST ON POST PETITION LOAN TO DEBTOR

JON J. CHINEN, Bankruptcy Judge.

On August 23, 1982, MIC Corporation, hereafter "MIC", filed an Application For Loan Balance Deficiency Payment as Super Priority Administrative and Regular Administrative Expense. Pursuant to the terms and conditions of the Courts' earlier order of July 7, 1982, MIC sought payment of the remaining principal sum of $18,665.01 together with accrued interest thereon at the annual rate of 19% computed from and after the date of August 10, 1982 together with attorneys' fees. On September 14, 1982, a hearing was held to consider MIC's application and request for an order allowing immediate payment of the sums requested by MIC. Norman L. Ashton, Esq. represented MIC and Paul J. Rodgers, Esq. represented Island Aviation, Inc. dba Island Air and Pacific Islands Airways, hereafter "Debtor". The Trustee, Stephen H. Cronin, was also present at the hearing.

On September 16, 1982, the Court issued an Order awarding MIC $9,332.50 as a super priority expense, which was one-half of the remaining principal balance sought by MIC, plus interest thereon at 19% from and after August 10, 1982 to September 8, 1982, the date of Debtor's conversion to Chapter 7, plus $175.00, being one-half of MIC's attor-

neys' fees. The Court reserved decision on the interest continuing to accrue on the remaining one-half of the principal balance and attorneys' fees from and after September 8, 1982, the date of Island Air's conversion to a Chapter 7 proceeding. The Court, having considered the Memoranda, the records herein and the arguments of counsel, makes the following Findings of Fact, Conclusions of Law and Order.

## FINDINGS OF FACT

1. On June 11, 1982, the Debtor filed its petition for bankruptcy under Chapter 11. On July 2, 1982, the Debtor presented to the Court, via telephone conference, a proposal for a post petition loan application. On July 7, 1982, the Court authorized the Debtor to borrow $43,024.00 from MIC. This money was needed by the Debtor to continue to utilize and fly a Nomad aircraft in compliance with a Civil Board of Aeronautics (CAB) order of continuation. The Debtor was to provide essential flight services to Rota and other Northern Marianas Islands served by the Debtor until the aircraft could be abandoned to the lessor, Armco, on August 5, 1982.

2. In order to induce MIC to extend the $43,025.00 post petition loan, MIC was granted a security interest in identified accounts receivable of the Debtor. MIC was also given a super priority expense claim pursuant to the provisions of Section 364 of the Bankruptcy Code. Super priority status was given to 50% of the outstanding balance due on MIC's loan after application of all monies and proceeds were realized from MIC's collection of accounts receivable. The remaining 50% of any such outstanding loan balance was to be treated as a regular administrative expense claim.

3. In accordance with the Court's loan approval order, Debtor executed an unsecured promissory note providing for interest on the remaining principal balance at 19% per annum commencing August 10, 1982. The note further provided for payment of costs and reasonable attorneys' fees incurred in enforcing the note.

4. On September 8, 1982, the Debtor converted from a Chapter 11 to a Chapter 7 proceeding. The issue now before the Court is whether MIC should receive interest on the remaining unpaid loan balance of $9,332.50 at the agreed upon rate of 19% per annum in light of Debtor's conversion from Chapter 11 to Chapter 7.

5. On September 29, 1982, MIC filed a Memorandum of Points and Authorities Regarding Interest. MIC contends that payment of interest on the remaining loan balance is in accordance with Section 364. Furthermore, MIC argues that Section 502(b)(2), which, in general, disallows post petition interest, is inapplicable to the present case. Section 501 and 502, MIC states, do not "interphase" with post bankruptcy loan and credit advances under Section 364.

6. Section 364 of the Bankruptcy Code provides that a trustee (debtor-in-possession) after notice and hearing may be authorized to obtain credit or incur debt on behalf of the estate as an administrative expense. No where in Section 364 does it provide that such credit and loan advances are not to bear interest or that the interest accrued on any such approved loan will cease and terminate in event of a conversion from a Chapter 11 to a Chapter 7 proceeding.

7. Section 502(b)(2) of the Bankruptcy Code, however, does not allow claims for unmatured or post petition interest on unsecured claims. This section "acknowledges the accepted proposition and general rule that there is a suspension of the accrual of interest on claims as of the date of the filing of the petition." 3 Collier on Bankruptcy ¶ 502.02 at 502–33 (15 Ed.1983).

8. Wherever these Findings of Fact are Conclusions of Law, they are hereinafter incorporated as such.

## CONCLUSIONS OF LAW

1. The issue before this Court is whether the Debtor's conversion on September 8, 1982 from a Chapter 11 to a Chapter 7 proceeding suspended the accrual of interest on MIC's unsecured claim.

2. The loan which the Debtor received from MIC was obtained in accordance with Section 364 of the Bankruptcy Code. Notice was given and a hearing was held on the Debtor's application. Furthermore, the $43,024.00 post petition loan from MIC was authorized by the Court.

3. In general, however, post petition interest on unsecured claims is not allowed under Section 502(b)(2). *Household Finance Corp. v. Hansberry,* 20 B.R. 870, 872 (Bkrtcy.S.D.Ohio 1982); *In re South Village, Inc.,* 25 B.R. 987 (Bkrtcy.D.Utah 1982). The main reasons advanced for this principle are that the date the petition is filed conveniently "fixes the moment when the affairs of the bankrupt are supposed to be wound up," *Sexton v. Dreyfuss,* 219 U.S. 339, 344, 31 S.Ct. 256, 257, 55 L.Ed. 244 (1911) and that "creditors should not be disadvantaged vis-a-vis one another by legal delays attributable solely to the time-consuming procedures inherent in the administration of bankruptcy laws" (citations omitted). *See also In re Oahu Cabinets, Ltd.,* 12 B.R. 160, 163 (Bkrtcy.D.Haw.1981).

4. Section 502(b)(2) applies to post petition interest on "pre-petition" claims. In the present case, however, the Court must determine whether post petition interest should be allowed on a post petition claim. The reasons advanced for disallowing interest on pre-petition claims do not seem applicable to the current fact situation. The Debtor had already filed its petition for bankruptcy when it applied for the loan, thus the reasons of convenience behind Section 520(b)(2) seem irrelevant.

5. Moreover, MIC persuasively argues that if court approved loans and credits under Section 364 are subject to subsequent derogation or unilateral voiding of binding interest payment obligations, lenders will be hesitant to enter into or advance loans to bankruptcy debtors and the underlying policy of the Bankruptcy Code to encourage such credits and loan advances will be thwarted. MIC contends that Debtor's conversion from a Chapter 11 to a Chapter 7 proceeding should not suspend the accrual

of interest on MIC's loan; otherwise, the system of allowing interest on post petition loans might be abused by parties converting from one bankruptcy proceeding to another to avoid interest payments.

6. MIC also argues that Section 502(b)(2) is inapplicable to the present MIC post petition dispute, because it does not "interphase" with post petition loans and credit advances under Section 364. MIC states in its "Memorandum of Points and Authorities Re Interest" that:

> By its terms, Section 502 refers back to claims or interests filed under Section 501 of the Code. Section 501 by its clear language is limited to creditors claims as such claims are defined under the Code. Section 101(9) defines creditor to mean (A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor.

The thrust of MIC's argument is that Section 502(b)(2) is inapplicable because Section 502 applies only to claims that arose at the time of or before the order for relief concerning the debtor. Since MIC's claim for interest is a result of post petition activity, MIC contends that Section 502(b)(2) can be discarded and that the claim for interest should be allowed.

7. MIC's argument that Section 502(b)(2) is inapplicable to the present post petition claim is valid. Moreover, when Section 348, which deals with the effect of a conversion, is analyzed, it is plain that interest accruing after the September 8, 1982 conversion should not be suspended. Section 348(a) states, in pertinent part:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but ... does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

Furthermore, Collier on Bankruptcy, in explaining Section 348(a), states:

> Section 348(a) specifies that although conversion of a case from one chapter to another chapter constitutes an order of

relief under the chapter to which the case is converted, the date of the filing of the petition, the commencement of the case, or the order of relief are unaffected by conversion except as provided in Section 348(b) and 348(c). Therefore, other than the noted exceptions, those provisions of the Code which are keyed to the date of entry of the order for relief for their operation are unaffected in this respect by conversion.

2 Collier on Bankruptcy ¶ 348.02 at 348–4 (15 Ed.1983).

8. MIC's claim against the Debtor for post petition interest arose after the initial filing of this bankruptcy proceeding. According to Section 348(a), a conversion from one chapter to another "does not effect a change in the date of the filing of the initial petition. Since the date of filing remains unchanged in the present case and since the claim involved here arose after the date of filing, the accrual of interest is not suspended. In conclusion, the conversion from one chapter to another does not suspend the payment of interest on post petition loans.

### ORDER

The Court hereby orders that MIC's claim for post petition interest is granted.