**Kenneth BUROKER and William Buroker, Debtors-Appellants,**

**v.**

**Don RAYBOURN and Kaye Raybourn, Creditors-Appellees.**

**Bankruptcy No. MS–3–85–52.**

United States District Court, S.D. Ohio, W.D.

Jan. 14, 1986.

---

Thomas R. Noland, Dayton, Ohio, for debtors-appellants.

John T. Ducker, Dayton, Ohio and John A. Poppe, Wapakoneta, Ohio, for Donald and Kaye Raybourn.

John R. Butz, Springfield, Ohio, for Miami Valley Production Credit Ass'n.

John D. Squires, Dayton, Ohio, for Federal Land Bank.

DECISION AND ENTRY REVERSING ORDER AND SUPPLEMENTAL ORDER OF CONFIRMATION; REMAND TO U.S. BANKRUPTCY COURT FOR FURTHER PROCEEDINGS

RICE, District Judge.

Kenneth Buroker and William Buroker have raised numerous issues in their appeal from the order and supplemental order of the bankruptcy court confirming the Amended Plan of Reorganization filed by Don Raybourn and Kaye Raybourn (hereinafter known collectively as the Raybourns). The Raybourns are the holders of a judicial lien against Kenneth Buroker and William Buroker, *see* Ohio Rev.Code § 2329.02, as a result of their successful recovery of compensatory damages and punitive damages against both Burokers in state Court. Subsequent to that judgment against them, Kenneth Buroker and William Buroker each filed a voluntary Chapter 11 petition in bankruptcy, which petitions were thereupon consolidated. *See* Bankr.Case No. 3–84–00890, 3–84–00889.

The record on appeal indicates the unusually torturous nature of these Consolidated Chapter 11 proceedings, as well as the involvement of several bankruptcy judges. While the Court is sympathetic to the desire of the creditors of the debtors-appellants to resolve this matter, it is forced to conclude that error in the bankruptcy court's judgment requires reversal and remand with instructions for further proceedings. *See* Bankruptcy Rule 8013.

The reversal in this case turns on the failure of the Amended Plan of the Raybourns to provide for the exemption rights of the debtors-appellants. Once property has come into a bankrupt estate pursuant to 11 U.S.C. § 541(a), the debtor is permitted to exempt certain property under the authority of 11 U.S.C. § 522(b). The procedures for claiming exemptions, together with the procedure for objecting to them, are set forth in Bankruptcy Rule 4003. Rule 4003(a) provides that a debtor must list property claimed as exempt under 11 U.S.C. § 522, with Rule 4003(b) further providing that creditors, within certain time parameters, may then file objections to the list of property claimed as exempt. Such an objecting creditor then has the burden of proving, under Rule 4003(c), that the exemptions are not properly claimed. The exemption provisions of 11 U.S.C. § 522 are

made applicable to a reorganization under Chapter 11 by virtue of 11 U.S.C. § 103(a).

Both Burokers filed a Schedule B–4 form on May 24, 1984, claiming certain property as exempt. Certainly, the Raybourns and other of the Burokers' creditors did not acquiesce to the exemptions claimed, as evidenced by a November 16, 1984 pretrial order in which the availability of exemptions was listed as a contested issue of law. As is made apparent in the transcripts of hearings before Judge Clark on June 11, 1985 and July 16, 1985, the issue of exemptions was never resolved in the press of the other unsuccessful attacks made by debtors to avoid the confirmation of the Raybourns' plan.

■ The Raybourns raise two principal defenses in support of the failure of their Amended Plan to provide for the debtors' exemption rights. They contend that sufficient property exists in the debtors' estate that sufficient assets will remain, even after the sales of debtors' land contemplated in the Amended Plan, to cover the amounts of the debtors' claimed exemptions. Debtors-appellants strenuously object to this position, noting that, despite the Raybourns' representation in their brief that no personal property of either Buroker is to be sold, that in fact the sales of such personal property were noticed.

The Court notes that the clear thrust of the exemption provisions is to ensure a debtor a fresh start, and that neither the legislative history of 11 U.S.C. § 522 nor Ohio law provides an indication that exemptions may be claimed only in cases where there are insufficient assets to provide for the amounts of the exemptions after the satisfaction of the debtors' creditors. *See* H.R. No. 95–595, 95th Cong., 1st Sess. 124–25, U.S.Code Cong. & Admin.News 1978 p. 5787, *reprinted in* Collier on Bankruptcy, App. 2, II (15th Ed.1985); *In Re Kursh*, 9 B.R. 801, 802 (Bankr.W.D.Mo.1981). Even were there such an indication as to the availability of 11 U.S.C. § 522, the creditors-appellees would have this Court rely on their representation that the exemption rights of debtors-appellants will be provid-

ed for tacitly, if not formally, under their Amended Plan. Acceptance of such a representation, while undoubtedly made in good faith, would not, in this Court's opinion, be consistent with the protections of Ohio law and 11 U.S.C. § 522, particularly in light of the debtors-appellants' controversion of the Raybourns' position in this regard.

■ The Raybourns also argue that, under the law of the Sixth Circuit, debtors-appellants are not entitled to exemption rights. In *In Re Pine*, 717 F.2d 281, 284 (6th Cir.1983), *cert. denied*, 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984), the Sixth Circuit held that when a state has opted out of the application of federal exemptions, debtors may avoid liens only on that property which the states have declared exempt. In the brief per curiam decision in *In Re Spears*, 744 F.2d 1225 (6th Cir.1984), the Sixth Circuit applied the holding of *In Re Pine* to Ohio debtors. Observing that Ohio has opted out of the federal exemptions of 11 U.S.C. § 522 in order to apply its own system of exemptions, the *Spears* court further observed that "[u]nder Ohio law, a debtor may exempt only an interest in property that is not subject to any third party liens." *Id.* at 1225 (citing Ohio Rev.Code Ann. §§ 2329.-66, 2329.661 (Page 1981)).

The Raybourns contend that *Spears* renders invalid the debtors-appellants' claim of exemption rights. This Court is compelled to note that, whatever the breadth of the language of *Spears*, the position of the Sixth Circuit is that Ohio law controls the availability of exemption rights. Ohio Rev. Code § 2329.66(A) and (C) set forth a list of property which may, on certain conditions and up to certain dollar limits, be exempted. Ohio Rev.Code § 2329.661 in turn sets forth those third party liens which preclude application of Section 2329.66(A)'s exemption provisions. Scrutiny of Ohio Rev.Code § 2329.661 reveals that judicial liens of the nature at issue herein are not enumerated among those types of liens which override the exemption protections of Ohio Rev. Code § 2329.66(A). *In Re Morelock*, 35

B.R. 518 (Bank.N.D.Ohio 1983); *In Re Gallardo*, 35 B.R. 321, 10 C.B.C.2d 22 (Bankr. N.D.Ohio 1983). Perhaps this is not altogether surprising; under the federal exemptions provided for in 11 U.S.C. § 522, debtors may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien. *In Re Law*, 37 B.R. 501, 507 (Bankr.S.D.Ohio 1984). In any event, the broad language in *Spears*, while accurate for purposes of the liens on household goods in that case, does not appear to accurately represent the impact of the judicial liens herein upon exempted property under Ohio law.

The Raybourns further contest the entitlement of the Burokers to the exemptions claimed by them, particularly the real estate exemption claimed by Kenneth Buroker pursuant to Ohio Rev.Code § 2329.-66(A)(1). On remand, the bankruptcy court will resolve the factual dispute as to whether Kenneth Buroker can be said to "use as a residence" the farm property in which he claims the $5,000 exemption available. Any other disputes as to the exemptions claimed will also be resolved by the bankruptcy court.

In remanding this case for resolution of the exemptions available under 11 U.S.C. § 522, numerous of the debtors-appellants' objections on appeal will either be resolved upon such further proceedings, or will become moot. In establishing exemptions rights under a Second Amended Plan, the debtors-appellants' separate interests will be taken into account, and presumably the appropriate papers will be served directly upon them. As new balloting will take place prior to confirmation of the Second Amended Plan, the typographical error in the Raybourns' ballot can be remedied, and the ballot will then consistently reflect that it is a solicitation of creditors for the confirmation of the plan filed by the Raybourns. There will be no need for further attention by the Raybourns to their Disclosure Statement; despite debtors-appellants' objections, this Court does not believe this statement to be violative of the case law requirements as applied to the need for disclosure in the instant Consolidated Chapter 11 cases.

Finally, this Court cannot accept the debtors-appellants' argument that the land patents obtained by Kenneth Buroker in April and May of 1985 preclude the ability of their creditors to obtain orders to sell the property covered by the land patents. As reflected by *In Re Daubner*, 96 F. 805 (D.Ore.1899), the policy of the original "homestead" law promulgated by the United States was to give settlers a fresh start, in the sense that the land so received would not be liable for satisfaction of pre-existing debts. To accept that "homestead" protection should also be available to latter-day "assignments" of land once received by such a settler from the United States under a land patent is to ignore the underlying policy of the "homestead" law, which was to encourage the settlement of uncultivated and unused public land through the incentive of the "fresh start." No such policy would be served by allowing the Burokers to claim protection from their creditors by virtue of their newly-issued land patents.

The Court notes that the federal statute which authorized the "homestead" grants of public lands, 43 U.S.C. § 161, was repealed in 1976, with the exception of an additional ten years of available "homestead" grants for federally-owned land in Alaska. This modern-day repeal and exception to the repeal reinforce this Court's conclusion that debtors-appellants can not claim any exemption from the sale of their land by virtue of the latter-day "assignment" of a land patent originally issued by the federal government.

The Raybourns have asked for sanctions against debtors-appellants due to the frivolous nature of the land patent issue joined on appeal. This Court agrees that said argument is without merit. As the Court has agreed with debtors-appellants as to the need for a remand of this matter and a re-opening of the previously-confirmed Amended Plan of Reorganization, however, no sanctions will issue against debtors-appellants.