**In the Matter of Thomas G. ANDERSON and Elke G. Anderson, Debtors.**

**Thomas G. and Elke G. ANDERSON, Movants,**

v.

**DAYTON PLUMBING SUPPLY CO. and Plumbers Supply Company of Dayton, Respondents.**

Bankruptcy No. 3–85–00791(A).

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 18, 1986.

Christopher M. Hawk, Dayton, Ohio, for debtors-movants.

Thomas B. Talbott, Jr., Dayton, Ohio, for creditors-respondents.

George W. Ledford, Englewood, Ohio, trustee.

## DECISION AND ORDER GRANTING DEBTOR–MOVANTS' MOTION TO AVOID LIEN

WILLIAM A. CLARK and THOMAS F. WALDRON, Bankruptcy Judges.

This is a case arising under 28 U.S.C. § 1334(a) and having been referred to this court is determined to be a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (K), in which the debtor-movants, Thomas G. and Elke G. Anderson, seek to avoid the judicial liens obtained by creditor-respondents, Dayton Plumbing Supply Co. and Plumbers Supply Company of Dayton, against the debtors' jointly-owned real estate. This matter is before the court on debtor-movants' motions to avoid respondents' judicial liens, which, with the consent of the parties, were consolidated by Order entered October 24, 1985, the creditor-respondents' answers and objections to the motions to avoid lien, the brief of debtor-movants, the briefs of both creditor-respondents, and the written appearance and brief of the Chapter 13 Trustee. On November 20, 1985, the attorneys for the movants and respondents and the Chapter 13 Trustee presented oral arguments before this court—Judges William A. Clark and Thomas F. Waldron jointly hearing this matter.

The parties agree that the facts in this case are not in dispute. On April 16, 1985, Thomas G. and Elke G. Anderson filed a voluntary petition in bankruptcy under Chapter 13 of Title 11, United States Code. They listed on their Schedule of Debts two mortgages on the jointly-owned real estate used as their residence. These mortgages, including arrearages, as of the date the petition was filed totaled $54,736.13. The real estate has been appraised at $58,000.

In addition to the mortgages, two Certificates of Judgment have been obtained against Mr. Anderson (hereinafter Anderson) based on promissory notes signed by him only. On January 21, 1983, respondent Dayton Plumbing Supply Co. filed Certificate of Judgment No. 94951 for $2,107.06, plus interest, with the Clerk of the Montgomery County Court of Common Pleas, recorded in Judgment Docket 40, p. 288,

and on January 17, 1984, filed a Certificate of Judgment in the Warren County Court of Common Pleas, recorded under its corporate name, Supply Dayton Corporation, in the sum of $2,380.34 (including interests and costs), at real estate Docket 10, p. 364. On May 25, 1983, Plumbers Supply Company of Dayton filed Certificate of Judgment No. 95461 for $1,606.37, plus interest, with the Clerk of the Montgomery County Court of Common Pleas, recorded in Judgment Docket 40, p. 416, and on January 17, 1984, filed a Certificate of Judgment in the Warren County Court of Common Pleas, in the sum of $2,480.52 (including interest and costs), recorded at real estate docket 10, p. 363. The filing of the two Certificates of Judgment resulted in the creation of two liens against Anderson's interest in the real estate.

On their schedules, the debtors have claimed all exemptions available to them under federal and state laws, including the exemption provided by 11 U.S.C. § 522(f) and OHIO REV.CODE ANN. § 2329.-66(A)(1) discussed herein.

### I. ISSUE PRESENTED

The precise issue before this court is whether the debtor-movant Anderson can avoid the two judicial liens obtained against his one-half interest in the real estate owned by him and his wife under either 11 U.S.C. § 522(f) (1) or OHIO REV.CODE ANN. § 2329.661 (Page 1981) in order that he may claim the homestead exemption provided under OHIO REV.CODE ANN. § 2329.66(A)(1) (Page Supp.1984). For the reasons that follow, the court holds that the debtor can avoid the judicial liens under Ohio law, and in this instance under § 522(f)(1) as well, and thus may claim the homestead exemption provided under OHIO REV.CODE ANN. § 2329.66(A)(1).

### II. ARGUMENTS OF THE PARTIES

Anderson claims he is entitled to the homestead exemption and can avoid the judicial liens against his real estate because: (1) the state of Ohio by opting-out of the federal exemption scheme under 11

U.S.C. § 522(b)[1] has not opted-out of the avoidance provisions of § 522(f)(1); and (2) that by not specifically excluding judicial liens from the list of exceptions to Ohio exemptions provided in § 2329.661, the state has provided that a lien impairing an exemption does not take away the debtor's right to that exemption. The Chapter 13 Trustee in agreeing with the debtor's position emphasized the nonconsensual nature of a Certificate of Judgment as distinguished from the other types of liens excepted from exemption under § 2329.661, arguing that it is a recognized principle of statutory construction that where a law sets forth a list of specific items, any items not included are deemed to be excluded.[2]

The creditor-respondents argue that the debtor cannot avoid the liens because *Spears v. Thorp Credit, Inc., of Ohio (In re Spears)*, 744 F.2d 1225 (6th Cir.1984), held that under Ohio law a debtor could not exempt an interest in property that is subject to a third-party lien. The respondents further argue that § 2329.661 does not, by its language, distinguish between consensual and nonconsensual liens and that whether property is real or personal is immaterial as the meaning given to the "debtor's interest" in *Giles v. Credithrift of America, Inc. (In re Pine)*, 717 F.2d 281 (6th Cir. 1983), *cert. denied*, 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984), is clear regardless of whether § 522(f)(1) or § 522(f)(2) is being applied.

## III. OPINION

### A. Analysis of 11 U.S.C. § 522(f)

The starting point for this court's analysis necessarily is 11 U.S.C. § 522(f) which provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

It is important to note that the specific subsection with which we are concerned is § 522(f)(1), which is a subsection that has not been interpreted by the Sixth Circuit. Neither can we find any other circuit court

---

1. 11 U.S.C. § 522(b) provides, in relevant part:
   (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—
   (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
   (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.
Ohio's opt-out statute entitled "[Federal exemption not authorized]" provides:
   Pursuant to the "Bankruptcy Reform Act of 1978," 92 Stat. 2549, 11 U.S.C. 522(b)(1), this state specifically does not authorize debtors who are domiciled in this state to exempt the property specified in the "Bankruptcy Reform Act of 1978," 92 Stat. 2549, 11 U.S.C. 522(d).
OHIO REV.CODE ANN. § 2329.662 (Page 1981).

2. The principal is embodied in the maxim: *expressio unius est exclusio alterius*—"the expression of one thing is the exclusion of another." BLACK'S LAW DICTIONARY 521 (5th ed. 1979).

decisions which have addressed § 522(f)(1) in the context of a state that has chosen to opt-out of the federal exemption scheme.[3] While the applicability of § 522(f)(1) is the issue in these proceedings and there are several district and bankruptcy court opinions in Ohio on this issue,[4] a complete discussion of the issues requires review of the Sixth Circuit's two decisions, *In re Spears*, 744 F.2d 1225, and *In re Pine*, 717 F.2d 281, with the caveat that these decisions discuss § 522(f)(2), not § 522(f)(1).

In *In re Pine* two bankruptcy cases were consolidated, each of which involved debtors seeking to avoid nonpossessory, non-purchase-money security interests in household goods under 11 U.S.C. § 522(f)(2). The Sixth Circuit's analysis of the statute was that it provided "a mechanism for preserving exemptions to which [a debtor] would otherwise be entitled under § 522(b)," and concluded that "the avoidance power only comes into play after there has been a determination under § 522(b) of what property may be claimed as exempt." *Id.* at 282. In dealing with states that have opted-out of the federal scheme of exemptions, such as Georgia and Tennessee, those involved in *Pine*, the court held it necessary to look to the particular state's statutes for the state's definition of exempt property. *Id.* at 283. Looking at the Georgia exemption statute, which referred to the "debtor's interest," and the Tennessee exemption statute, which referred to the "debtor's equity interest" in property, the court concluded "that only the debtor's legal *interest* is

exempt" (emphasis in original), i.e., that "the debtor may exempt only the interest in property which is owned by him and unencumbered by third party liens." *Id.* The court further held that the statutory language of § 522(f) precluded it from being used independently of § 522(b); to hold otherwise, it reasoned, would in effect be giving debtors additional exemptions to those provided by state law. *Id.* at 284.

Subsequently, the Sixth Circuit Court of Appeals was presented with a motion pursuant to § 522(f)(2) to avoid a lien on a nonpossessory, nonpurchase-money security interest in household goods involving an Ohio debtor. In its brief *per curiam* opinion, the *Spears* court cited its holding in *Pine*:

> [T]hat when a state has opted out under 11 U.S.C. § 522(b) of the application of the federal exemptions, "debtors may avoid liens only on that property which the states have declared to be exempt." Under Ohio law, a debtor may exempt only an interest in property that is not subject to any third party liens. Ohio Rev.Code Ann. §§ 2329.66, 2329.661 (Page 1981).

*In re Spears*, 744 F.2d 1225.

■ Although *Pine* and *Spears* involved nonpossessory, nonpurchase-money security interests in household goods, and thus are not determinative of the kind of judicial liens on real estate presented in this case, they instruct this court that any application

---

3. Other circuits have discussed § 522(f)(2) in the context of a state that has chosen to opt-out of the federal exemption scheme. *Compare Hall v. Finance One of Georgia, Inc. (In re Hall)*, 752 F.2d 582 (11th Cir.1985) *and Maddox v. Southern Discount Company (In re Maddox)*, 713 F.2d 1526 (11th Cir.1983) (holding that debtors who claim exemptions under Georgia law may avoid liens impairing their exemption on nonpossessory, nonpurchase-money security interests because Georgia has not opted-out of 11 U.S.C. § 522(f)(2)) *with Allen v. Hale County State Bank (In re Allen)*, 725 F.2d 290 (5th Cir. 1984) *and McManus v. Avco Financial Services of Louisiana, Inc. (In re McManus)*, 681 F.2d 353 (5th Cir.1982) (holding, respectively, that debtors who claim exemptions under Texas and

Louisiana statutes may not avoid liens impairing their exemption on nonpossessory, nonpurchase-money security interests under 11 U.S.C. § 522(f)(2) independent of state law).

4. *See e.g., Buroker v. Raybourn*, No. MS–3–85–52 (S.D.Ohio W.D. Jan. 11, 1986); *National Deposit Guarantee Corporation v. Peck (In re Peck)*, 55 B.R. 752 (Bankr.N.D.Ohio 1985); *In re Greenhill*, C–2–82–1257 (S.D.Ohio E.D. Nov. 21, 1984); *In re Richardson*, 55 B.R. 526 (Bankr.N.D.Ohio 1985); *Morelock v. All Phase Electric Supply Co. (In re Morelock)*, 47 B.R. 533 (Bankr.N.D.Ohio 1985); *In re Bland*, 56 B.R. 1 (Bankr.N.D.Ohio 1984); *Morelock v. All-Phase Electric Supply Co. (In re Morelock)*, 35 B.R. 518 (Bankr.N.D.Ohio 1983).

of § 522(f) necessitates an examination of state law.

## B. Examination Of State Law

■ The Ohio exemption statute entitled "[Exempted interests and rights]" provides, in relevant part:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or dependent of the person uses as a residence:

. . . .

(C) For purposes of this section, "interest" shall be determined:

(1) In bankruptcy proceedings, as of the date a petition is filed with the bankruptcy court commencing a case under Title 11 of the United States Code;

. . . .

An interest, as determined under division (C)(1) or (2) of this section, shall not include the amount of any lien otherwise valid pursuant to section 2329.661 [2329.-66.1] of the Revised Code.

OHIO REV.CODE ANN. § 2329.66 (Page Supp.1984). This homestead exemption is limited, however, by § 2329.661 entitled "Certain claims not exempted," which provides that:  ·

(A) Division (A)(1) of section 2329.66 of the Revised Code does not:

(1) Extend to a judgment rendered on a mortgage executed, or security interest given on real or personal property by a debtor or to a claim for less than four hundred dollars for manual work or labor;

(2) Impair the lien, by mortgage or otherwise, of the vendor·for the purchase money of real or personal property that the debtor or a dependent of the debtor uses as a residence, the lien of a mechan-

ic or other person, under a statute of this state, for materials furnished or labor performed in the erection of a dwelling house on real property, or a lien for the payment of taxes due on real property;

(3) Affect or invalidate any mortgage on any real property, or any lien created by such a mortgage.

(B) No promise, agreement, or contract shall be made or entered into that would waive the exemption laws of this state, and every promise, agreement, or contract insofar as it seeks to waive the exemption laws of this state is void.

(C) Section 2329.66 of the Revised Code does not affect or invalidate any sale, contract of sale, conditional sale, security interest, or pledge of any personal property, or any lien created thereby.

While the characterization of the judgment liens in this case as consensual or nonconsensual may not be determinative, what is determinative is that these judgment liens, since they are not enumerated under subdivision (A) [subdivision (B) pertaining to waivers and subdivision (C) to personal property], are not an exception under § 2329.661 to the debtor's exemptions under § 2329.66(A)(1). Applying the *Pine* rationale that state law controls the exemption rights of the debtor, we find that Anderson is entitled to the $5,000.00 exemption provided under § 2329.66, unrestricted by § 2329.661.

The broad language in *Spears* applying the court's reasoning in *Pine* to the Ohio exemption provisions, although a consistent interpretation of § 522(f)(2) is, of necessity, limited to the factual issues presented to the court which involved the Ohio statute § 2329.661(C) exclusion of personal property (household goods). Our reading of *Spears* is consistent with the reasoning of an unreported decision of Judge Walter H. Rice, United States District Judge for the Southern District of Ohio at Dayton, *Buroker v. Raybourn*, No. MS–3–85–52 (S.D. Ohio W.D. Jan. 11, 1986), opinion attached,

[*infra* p. 960], which states, "[T]he broad language in *Spears*, while accurate for purposes of the liens on household goods in that case, does not appear to accurately represent the impact of the judicial liens herein upon exempted property under Ohio law." *Infra* at 960.

■ The Sixth Circuit's determination in *Pine* that "debtor's interest" means legal interest, while not questioned in its application to the Tennessee statute (which referred to the debtor's equity interest), was questioned in its application to the Georgia statute. Two days after the *Pine* decision, the Eleventh Circuit, whose jurisdiction includes Georgia, noted that the language "debtor's interest" as used in the Georgia exemption statute is identical to that used in 11 U.S.C. § 522(d)(3), the federal exemption provision for household goods, and concluded that if the term in fact meant legal interest, § 522(f) would be a nullity. *Maddox v. Southern Discount Company (In re Maddox)*, 713 F.2d 1526, 1528–29 (11th Cir.1983). While the *Maddox* opinion would seem to provide a more appropriate accommodation of Congressional acquiescence in a scheme of inconsistent state exemptions for debtors with the consistent Congressional policy mandating a fresh start for debtors,[5] the court finds it unnecessary to resolve the issue of whether § 522(f)(1) could have been used to avoid the judicial liens had state law been otherwise, as it has been determined to be with nonpossessory, nonpurchase-money security interests in household goods in *Spears*. In this instance, both Ohio law, § 2329.661 and the Bankruptcy Code § 522(f)(1) provide for the avoidance of judicial liens, which can be accomplished as part of a Chapter 13 case. *See In re Cowart*, 43 B.R. 110, 12 B.C.D. 512 (Bankr.M.D.Fla. 1984) and *In re Hall*, 752 F.2d 582 (11th Cir.1985) and cases collected therein.

## C. Equity In The Real Estate

■ Neither is the debtor-movant Anderson precluded from claiming the homestead exemption provided in § 2329.66(A)(1) on the basis that he lacks equity in the real estate. The Ohio exemption statute like Georgia's does not restrict a "debtor's interest" to his legal interest. The "debtor's interest" as defined by § 2329.66(C) excludes only these liens excepted under § 2329.661. Under Ohio law, therefore, a "debtor's interest" in property includes any liens not excluded by § 2329.661, so that equity in the amount of the exemption is not a prerequisite either to a debtor's obtaining an exemption or avoiding any liens impairing the exemption. *See Morelock v. All-Phase Electric Supply Co. (In re Morelock)*, 35 B.R. 518, 519 (Bankr.N.D.Ohio W.D.1983). "[T]he overwhelming weight of authority holds that even if liens on the property exceed the market value of the property, leaving the debtor with no equity in it, the debtor nonetheless has an 'equitable interest' in the property" (citations omitted). *Brown v. Dellinger (In re Brown)*, 734 F.2d 119, 123 (2d Cir.1984). Thus the court finds that the two judicial liens at issue in this case may be avoided in their entirety.

Accordingly, the court GRANTS the motion of debtor-movants and hereby ORDERS that the two judicial liens filed by creditor-respondents, Dayton Plumbing Supply Co. and Plumbers Supply Company of Dayton, on file with the Montgomery and Warren County Clerks of the Courts of Common Pleas are HEREBY AVOIDED in their entirety. IT IS FURTHER ORDERED THAT unless otherwise cancelled, counsel for the debtor-movants prepare upon completion of the debtor's Chapter 13 plan, an appropriate order which will provide that the judgment liens at issue herein are cancelled.

---

5. *See In re Lawson* 42 B.R. 206 (Bankr.E.D.Ky. 1984) for Judge Joe Lee's detailed analysis of the legislative history of 11 U.S.C. § 522 and his discussion of the Federal Trade Commission Rule defining the "taking of a nonpossessory security interest in household goods other than a purchase money security interest" to be an unfair act or practice under the Federal Trade Commission Act. *Id.* at 216.

APPENDIX

KENNETH BUROKER and WILLIAM BUROKER, Debtors-Appellants,

vs.

DON RAYBOURN and KAYE RAYBOURN, Creditors-Appellees.

NO. MS-3-85-52

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

Jan. 11, 1986

DECISION AND ENTRY REVERSING ORDER AND SUPPLEMENTAL ORDER OF CONFIRMATION; REMAND TO U.S. BANKRUPTCY COURT·FOR FURTHER PROCEEDINGS

Kenneth Buroker and William Buroker have raised numerous issues in their appeal from the order and supplemental order of the bankruptcy court confirming the Amended Plan of Reorganization filed by Don Raybourn and Kaye Raybourn (hereinafter known collectively as the Raybourns). The Raybourns are the holders of a judicial lien against Kenneth Buroker and William Buroker, *see* Ohio Rev.Code § 2329.02, as a result of their successful recovery of compensatory damages and punitive damages against both Burokers in state Court. Subsequent to that judgment against them, Kenneth Buroker and William Buroker each filed a voluntary Chapter 11 petition in bankruptcy, which petitions were thereupon consolidated. *See* Bankr. Case No. 3-84-00890, 3-84-00889.

The record on appeal indicates the unusually torturous nature of these Consolidated Chapter 11 proceedings, as well as the involvement of several bankruptcy judges. While the Court is sympathetic to the desire of the creditors of the debtors-appellants to resolve this matter, it is forced to conclude that error in the bankruptcy court's judgment requires reversal and remand with instructions for further proceedings. *See* Bankruptcy Rule 8013.

The reversal in this case turns on the failure of the Amended Plan of the Raybourns to provide for the exemption rights of the debtors-appellants. Once property has come into a bankrupt estate pursuant to 11 U.S.C. § 541(a), the debtor is permitted to exempt certain property under the authority of 11 U.S.C. § 522(b). The procedures for claiming exemptions, together with the procedure for objecting to them, are set forth in Bankruptcy Rule 4003. Rule 4003(a) provides that a debtor must list property claimed as exempt under 11 U.S.C. § 522, with Rule 4003(b) further providing that creditors, within certain time parameters, may then file objections to the list of property claimed as exempt. Such an objecting creditor then has the burden of proving, under Rule 4003(c), that the exemptions are not properly claimed. The exemption provisions of 11 U.S.C. § 522 are made applicable to a reorganization under Chapter 11 by virtue of 11 U.S.C. § 103(a).

Both Burokers filed a Schedule B-4 form on May 24, 1984, claiming certain property as exempt. Certainly, the Raybourns and other of the Burokers' creditors did not acquiesce to the exemptions claimed, as evidenced by a November 16, 1984 pretrial order in which the availability of exemptions was listed as a contested issue of law. As is made apparent in the transcripts of hearings before Judge Clark on June 11, 1985 and July 16, 1985, the issue of exemptions was never resolved in the press of the other unsuccessful attacks made by debtors to avoid the confirmation of the Raybourns' plan.

The Raybourns raise two principal defenses in support of the failure of their Amended Plan to provide for the debtors' exemption rights. They contend that sufficient property exists in the debtors' estate that sufficient assets will remain, even after the sales of debtors' land contemplated in the Amended Plan, to cover the amounts of the debtors' claimed exemptions. Debtors-appellants strenuously object to this position, noting that, despite the Raybourns' representation in their brief that no personal property of either Buroker is to be sold,

that in fact the sales of such personal property were noticed.

The Court notes that the clear thrust of the exemption provisions is to ensure a debtor a fresh start, and that neither the legislative history of 11 U.S.C. § 522 nor Ohio law provides an indication that exemptions may be claimed only in cases where there are insufficient assets to provide for the amounts of the exemptions after the satisfaction of the debtors' creditors. *See* H.R. No. 95–595, 95th Cong., 1st Sess. 124–25, U.S.Code Cong. & Admin.News 1978, p. 5787, *reprinted in* Collier on Bankruptcy, App. 2, II (15th Ed.1985); *In Re Kursh,* 9 B.R. 801, 802 (Bankr.W.D.Mo.1981). Even were there such an indication as to the availability of 11 U.S.C. § 522, the creditors-appellees would have this Court rely on their representation that the exemption rights of debtors-appellants will be provided for tacitly, if not formally, under their Amended Plan. Acceptance of such a representation, while undoubtedly made in good faith, would not, in this Court's opinion, be consistent with the protections of Ohio law and 11 U.S.C. § 522, particularly in light of the debtors-appellants' controversion of the Raybourns' position in this regard.

The Raybourns also argue that, under the law of the Sixth Circuit, debtors-appellants are not entitled to exemption rights. In *In Re Pine,* 717 F.2d 281, 284 (6th Cir.1983), *cert. denied,* 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984), the Sixth Circuit held that when a state has opted out of the application of federal exemptions, debtors may avoid liens only on that property which the states have declared exempt. In the brief per curiam decision in *In Re Spears,* 744 F.2d 1225 (6th Cir.1984), the Sixth Circuit applied the holding of *In Re Pine* to Ohio debtors. Observing that Ohio has opted out of the federal exemptions of 11 U.S.C. § 522 in order to apply its own system of exemptions, the *Spears* court further observed that "[u]nder Ohio law, a debtor may exempt only an interest in property that is not subject to any third party liens." *Id.* at 1225 (citing Ohio Rev. Code Ann. §§ 2329.66, 2329.661 (Page 1981)).

The Raybourns contend that *Spears* renders invalid the debtors-appellants' claim of exemption rights. This Court is compelled to note that, whatever the breadth of the language of *Spears,* the position of the Sixth Circuit is that Ohio law controls the availability of exemption rights. Ohio Rev. Code § 2329.66(A) and (C) set forth a list of property which may, on certain conditions and up to certain dollar limits, be exempted. Ohio Rev.Code § 2329.661 in turn sets forth those third party liens which preclude application of Section 2329.66(A)'s exemption provisions. Scrutiny of Ohio Rev.Code § 2329.661 reveals that judicial liens of the nature at issue herein are not enumerated among those types of liens which override the exemption protections of Ohio Rev. Code § 2329.66(A). *In Re Morelock,* 35 B.R. 518 (Bankr.N.D.Ohio 1983); *In Re Gallardo,* 10 C.B.C.2d 22, 35 B.R. 22 (Bankr.N.D.Ohio 1983). Perhaps this is not altogether surprising; under the federal exemptions provided for in 11 U.S.C. § 522, debtors may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien. *In Re Law,* 37 B.R. 501, 507 (Bankr.S.D.Ohio 1984). In any event, the broad language in *Spears,* while accurate for purposes of the liens on household goods in that case, does not appear to accurately represent the impact of the judicial liens herein upon exempted property under Ohio law.

The Raybourns further contest the entitlement of the Burokers to the exemptions claimed by them, particularly the real estate exemption claimed by Kenneth Buroker pursuant to Ohio Rev.Code § 2329.-66(A)(1). On remand, the bankruptcy court will resolve the factual dispute as to whether Kenneth Buroker can be said to "use as a residence" the farm property in which he claims the $5,000 exemption available. Any other disputes as to the exemptions claimed will also be resolved by the bankruptcy court.

In remanding this case for resolution of the exemptions available under 11 U.S.C. § 522, numerous of the debtors-appellants' objections on appeal will either be resolved

upon such further proceedings, or will become moot. In establishing exemptions rights under a Second Amended Plan, the debtors-appellants' separate interests will be taken into account, and presumably the appropriate papers will be served directly upon them. As new balloting will take place prior to confirmation of the Second Amended Plan, the typographical error in the Raybourns' ballot can be remedied, and the ballot will then consistently reflect that it is a solicitation of creditors for the confirmation of the plan filed by the Raybourns. There will be no need for further attention by the Raybourns to their Disclosure Statement; despite debtors-appellants' objections, this Court does not believe this statement to be violative of the case law requirements as applied to the need for disclosure in the instant Consolidated Chapter 11 cases.

Finally, this Court cannot accept the debtors-appellants' argument that the land patents obtained by Kenneth Buroker in April and May of 1985 preclude the ability of their creditors to obtain orders to sell the property covered by the land patents. As reflected by *In Re Daubner*, 96 F. 805 (D.Ore.1899), the policy of the original "homestead" law promulgated by the United States was to give settlers a fresh start, in the sense that the land so received would not be liable for satisfaction of pre-existing debts. To accept that "homestead" protection should also be available to latter-day "assignments" of land once received by such a settler from the United States under a land patent is to ignore the underlying policy of the "homestead" law, which was to encourage the settlement of uncultivated and unused public land through the incentive of the "fresh start." No such policy would be served by allowing the Burokers to claim protection from their creditors by virtue of their newly-issued land patents.

The Court notes that the federal statute which authorized the "homestead" grants of public lands, 43 U.S.C. § 161, was repealed in 1976, with the exception of an additional ten years of available "homestead" grants for federally-owned land in Alaska. This modern-day repeal and exception to the repeal reinforce this Court's conclusion that debtors-appellants can not claim any exemption from the sale of their land by virtue of the latter-day "assignment" of a land patent originally issued by the federal government.

The Raybourns have asked for sanctions against debtors-appellants due to the frivolous nature of the land patent issue joined on appeal. This Court agrees that said argument is without merit. As the Court has agreed with debtors-appellants as to the need for a remand of this matter and a re-opening of the previously-confirmed Amended Plan of Reorganization, however, no sanctions will issue against debtors-appellants.

/s/ Walter H. Rice
WALTER H. RICE
UNITED STATES DISTRICT JUDGE