**In re Marilyn A. JAMISON.**

**Marilyn A. JAMISON, Movant,**

v.

**ST. ELIZABETH MEDICAL CENTER, Respondent.**

**Bankruptcy No. 3–88–00981.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Oct. 28, 1988.

Daryl R. Douple, Dayton, Ohio, for debtor.

J. Timothy Cline, Dayton, Ohio, for St. Elizabeth Medical Center.

DECISION AND ORDER SUSTAINING MOTION OF MARILYN A. JAMISON TO AVOID CERTIFICATE OF JUDGMENT OF ST. ELIZABETH MEDICAL CENTER

WILLIAM A. CLARK, Bankruptcy Judge.

Before the court is a motion of debtor Marilyn A. Jamison to avoid, under 11

U.S.C. § 522(f)(1), a certificate of judgment filed by respondent St. Elizabeth Medical Center in Greene County, Ohio. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

Evidence introduced at the hearing on Debtor's motion establishes that the debtor is a co-owner with her non-debtor husband of real estate located at 6677 Idaho Drive, Xenia, Ohio and that the property is her residence. The property was purchased by the debtor and her husband for $36,200 in 1979 and has an outstanding first mortgage balance of approximately $25,000. The debtor testified that the property has gradually deteriorated since its purchase and gave her opinion that the property had a fair market value of $35,000 on the date her petition in bankruptcy was filed.

On the basis of these facts, the debtor has moved the court, pursuant to Section 522(f)(1) of the Bankruptcy Code, to avoid respondent's certificate of judgment[1] on the ground that the lien impairs her exemption of $5,000[2] in her share of the property's equity [ ($35,000 Fair Market Value — $25,000 mortgage)/2 = $5,000 equity of debtor].

■ Respondent introduced no evidence at the hearing. Its sole ground for objecting to the avoidance of its lien under Section 522(f)(1) of the Bankruptcy Code is that there is a "lack of credible evidence as to the value of the real property owned by Debtor." (Memorandum of Respondent) The court rejects Respondent's suggestion that an expert witness was required to testify at the hearing to enable the court to determine the value of Debtor's residence.

> [T]he opinion testimony of a land owner as to the value of his land is admissible without further qualificiation.... Such testimony is admitted because of the presumption of special knowledge that arises out of ownership of the land. *U.S.*

*v. 329.73 Acres of Land,* 666 F.2d 281, 284 (5th Cir.1982).

■ Although the property was purchased for $36,200, the debtor stated that the property was not nearly as nice as when it was purchased and offered sufficient evidence to support a finding that her residence has suffered a slight decline in value over the past nine years. Specifically, the debtor testified that the following defects have arisen during her occupancy of the residence and introduced photographic evidence of some of them: plumbing leaks, loosened and chipped tile, burned carpeting, window damage, sinking driveway, leaking garage roof, and a cracked garage door.

Having observed the demeanor of the debtor and considered her testimony, the court finds that her testimony is both admissible and credible. Her opinion of her property's fair market value appears reasonable and not based on mere conjecture. *See U.S. v. An Easement and Right of Way,* 405 F.2d 305, 307 (6th Cir.1968). There being no other evidence of the property's value before the court, the court finds that the value of the debtor's residence on the date of the filing of her petition in bankruptcy was $35,000. Therefore, Respondent's certificate of judgment impairs the debtor's exemption and, as explained by this court in *Anderson v. Dayton Plumbing Supply Co.* (*In re Anderson*), 57 B.R. 953 (1986), Respondent's judicial lien is voidable under the provisions of Section 522(f)(1) of the Bankruptcy Code.

It is hereby ORDERED that the motion of Marilyn A. Jamison to avoid St. Elizabeth Medical Center's certificate of judgment is SUSTAINED. Counsel for the debtor is instructed to prepare and submit the orders necessary to effectuate a release of the certificate of judgment.

---

1. No evidence of respondent's lien was offered at the hearing, but Debtor's counsel stipulated to its existence. According to Debtor's motion, a lien in the amount of $38,780 was obtained by Respondent one day prior to the filing of Debtor's petition in bankruptcy. Although not currently before the court, the court notes that the lien appears vulnerable to avoidance as a preferential transfer under 11 U.S.C. § 547.

2. Ohio Rev. Code § 2329.66(A)(1).