**In re Kenneth DIXON, Vivian Dixon, Debtors.**

**No. C 87–3270.**

United States District Court, N.D. Ohio, E.D.

April 26, 1988.

---

Joan Allyn Kodish, UAW–GM Legal Services Plan, Youngstown, Ohio, for debtors.

Richard C. Kenney, Jr., Weltman, Weinberg & Associates Co., L.P.A., Cleveland, Ohio, for Ford Motor Credit Co.

Joseph C. Lucci, Nadler, Nadler & Burdman Co., L.P.A., Youngstown, Ohio, for trustee.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

This action arises on appeal from a final order of United States Bankruptcy Judge William T. Bodoh, entered November 10, 1987, 79 B.R. 702. Debtors filed a joint Petition for Reorganization under Chapter 13 of the Bankruptcy Code. Society Bank of Eastern Ohio, N.A. ("Society") has a first mortgage on debtors' residence of twenty-eight thousand dollars ($28,000). A judgment lien is held by Ford Motor Credit Company ("Ford") in the amount of three thousand eight hundred seventy-eight and sixty-nine dollars ($3,878.69). It has been stipulated that the fair market value of the encumbered property is thirty-two thousand dollars ($32,000). Debtors filed a motion to avoid the lien held by Ford on their residential property on September 11, 1987. The basis of this motion was that the lien impaired the debtors joint homestead exemption of ten thousand dollars ($10,000).

Debtors motion was sustained by the Bankruptcy Court on November 10, 1987. The basis for this ruling was that Ford's judicial lien impaired Debtors' homestead exemption and therefore must be avoided according to Title 11 U.S.C. § 522(f)(1). Ford appealed this ruling on November 19, 1987.

In determining whether the Bankruptcy Court abused its discretion, this Court reviews the Bankruptcy Court's findings of fact under the "clearly erroneous" standard. *Stephens Industries v. James R. McClung*, 789 F.2d 386, 389 (6th Cir.1986). With respect to legal issues, the district court engages in an independent examination and makes its own determinations. *Hunter Savings Association v. Baggott Law Offices, Co., L.P.A.*, 34 B.R. 368, 374 (S.D.Ohio 1983). Under this standard of review, the facts reveal that debtors claim a $10,000 exemption under the homestead exemption, in real property used as their principal residence. The property is subject to a first mortgage to Society and a judgment lien is held by Ford.

Ford seeks review of the Bankruptcy Court's decision to sustain debtors' motion to avoid the lien held by Ford on the basis of Title 11 U.S.C. § 522(f)(1).

11 U.S.C. § 522(f)(1) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is ...

(1) a judicial lien....

This section creates three requirements before a debtor can avoid a judicial lien.

(1) the lien must be a judicial lien; and

(2) the debtor must have an interest in the property; and

(3) the lien must impair an exemption to which the debtor would otherwise be entitled.

Ford fulfilled the first requirement by obtaining a deficiency judgment against debtors. 11 U.S.C. § 101(30). The second requirement is fulfilled because Debtors have

four thousand dollars ($4,000) in equity in their residence. Therefore, the only issue for appeal is whether the lien impaired the debtor's exemption.

The Bankruptcy Court correctly points out that two considerations must be evaluated to determine whether the Debtors' exemption is impaired by a creditor's lien. Debtors must show they are entitled to an exemption and actual impairment exists. Ohio Revised Code Ann., § 2329.662 is the applicable state law that must be read in connection with 11 U.S.C. § 522(d). Accordingly, an Ohio debtor is restricted to the state exemptions enumerated in O.R.C.A., § 2329.66(A).

The homestead exemption is contained in O.R.C.A., § 2329.66(A)(1). This section states:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or made to satisfy a judgment or order, as follows:

(1) the person's interest, not to exceed five thousand dollars ($5,000), in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

The Bankruptcy Code in 11 U.S.C. § 522(b)(2)(A) demands that state law be applied when debtor is not acting within the federal exemptions. Further, federal courts must defer to the judgment of state courts when interpreting state law. *Simpson v. Jefferson Standard Life Ins. Co.*, 465 F.2d 1320, 1323 (6th Cir.1972). As stated by the Bankruptcy Court, Ohio law requires that state exemption statutes be interpreted beneficially for the debtor. *Mike v. Rendono*, No. 84–CA–672, slip op. at 5 (7th Dist.Ct.App.Aug. 5, 1985). I believe that Ohio law, public policy, and the Bankruptcy Code all favor a fresh start and favor the homestead exemption. Accordingly, I have a favorable view to the Bankruptcy Court's ruling. However, I must expand the analysis of the Bankruptcy Court.

The Bankruptcy Court cites *Daugherty v. Central Trust Co.*, No. CA–6747 (5th Dist.Ct.App. Jan. 27, 1986) [available on WESTLAW, 1986 WL 1372] to support the holding that the appellee was entitled to an exemption under O.R.C.A., § 2329.66(a)(13) despite the fact that the bank had failed to commence judicial procedures. The bank's position in *Daugherty* is almost identical to Ford's position in the case at bar. Specifically, the appellate court in *Daugherty* rejected the bank's position and ruled in favor of debtor's exemption. Although the Ohio Supreme Court partially reversed the *Daugherty* decision, the reasoning and basis for the Bankruptcy Courts' decision that is applicable to this case was not reversed. In addition to the *Daugherty* reasoning, I believe that public policy, the Bankruptcy Code, and simple fairness lead me to hold that Ford's lien did impair the debtors' homestead exemption. Therefore, all requirements for lien avoidance have been satisfied.

Accordingly, the decision of the Bankruptcy Court is affirmed and the appeal is hereby denied.

This action is dismissed and terminated.

IT IS SO ORDERED.