In re Michelle SUTTON, Debtor.

Michelle SUTTON, Plaintiff,

v.

FORD MOTOR CREDIT COMPANY, Defendant.

Bankruptcy No. 3–87–02397.
Adv. No. 3–87–0194.

United States Bankruptcy Court,
S.D. Ohio, W.D.

June 7, 1988.

William Sams, Miamisburg, Ohio, for debtor.

Dennis L. Patterson, Dayton, Ohio, for defendant.

### DECISION AND ORDER SUSTAINING MOTION OF FORD MOTOR CREDIT COMPANY FOR SUMMARY JUDGMENT

WILLIAM A. CLARK, Bankruptcy Judge.

### PROCEDURAL POSTURE

On August 21, 1987 Michelle Sutton, a chapter 13 debtor, filed a complaint against defendnat Ford Motor Credit Company alleging a violation of the automatic stay provisions of Section 362 of the Bankruptcy Code by defendant and requesting the return of an automobile previously repossessed by defendant. In addition plaintiff requests damages and attorney fees under Section 362(h). Presently before the court is a motion of defendant for summary judgment pursuant to Fed.R.Civ.P. 56 and Bankr.R. 7056.

### FACTS

Defendant's motion is accompanied by an affidavit of Gil Van Over, a customer service supervisor of defendant. The response of plaintiff-debtor, however, contains no affidavit nor does it otherwise indicate that there is a genuine issue as to any material fact:

> Rule 56(e) ... requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories and admissions on file," designate "specific facts showing there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

On the basis of an examination of the pleadings and the affidavit of Mr. Van Over, and there being no designation of specific facts requiring a trial, the court finds the undisputed facts to be as follows:

1) On July 28, 1987 plaintiff-debtor was in default under her retail installment contract with defendant for the purchase of a 1985 Ford Escort. As of this date plaintiff was four (4) monthly payments in arrears and had failed to maintain insurance coverage for the motor vehicle;

2) Defendant repossessed the automobile from plaintiff on July 28, 1987;

3) On August 5, 1987 plaintiff filed a petition in bankruptcy pursuant to chapter 13 of the Bankruptcy Code;

4) Defendant received notice of the filing of plaintiff's petition in bankruptcy on August 14, 1987;

5) Subsequently Defendant took "inadvertent" steps to sell the automobile at auction, but after learning of its error, obtained the return of the vehicle and made it available to Plaintiff on August 28, 1987 upon Plaintiff's presentation of proof of insurance coverage.

## DEFENDANT'S ARGUMENTS

Defendant asserts that it is entitled to judgment as a matter of law on the following grounds:

1) Upon repossession of the automobile ownership immediately vested in defendant by operation of the law under Ohio Rev. Code § 4505.10 and, therefore, as of the date of the filing of her petition in bankruptcy, plaintiff had neither a possessory interest nor an ownership interest in the automobile;

2) The only right plaintiff had at the time of filing her petition in bankruptcy was either to cure her default under Ohio Rev.Code § 1317.12 or to redeem the automobile under Ohio Rev.Code § 1309.49. It was that right or interest and not the automobile itself that became "property of the estate";

3) Even if the automobile was property of the bankruptcy estate there was no "willful" attempt to violate the automatic stay and, therefore, no injury to plaintiff.

## CONCLUSIONS OF LAW

The controlling facts in the disposition of this case are that plaintiff's automobile was uninsured at the time she filed her petition in bankruptcy and that the vehicle was made available to her upon proof of insurance. It has been the long-standing policy of this court that a debtor's use of an uninsured automobile will not be countenanced. This policy is implicit in the order of confirmation entered in plaintiff's bankruptcy case which permits a creditor with a security interest in a motor vehicle "to make reasonable contact with the debtor to determine insurance coverage if the creditor has reasonable cause to believe the vehicle is not insured to the amount of the unpaid claim." (Doc. No. 8) This court will not order the turnover of an automobile to a debtor until the debtor has obtained insurance.

■ So long as plaintiff's automobile remained uninsured, defendant had no obligation to return the automobile to plaintiff and, therefore, did not violate the automatic stay provisions of Section 362 by retaining possession of the motor vehicle. Correspondingly, because plaintiff was not entitled to possession of the motor vehicle until she obtained insurance coverage and the car was returned to her upon presentation of proof of insurance, she was not wrongfully deprived of possession of the automobile during the period she failed to insure the motor vehicle. As a result, plaintiff is not entitled to any damages for retention of the automobile by defendant during the uninsured period and a cause of action will not lie under Section 362(h).

■ It is important, however, to point out that the court does not agree with defendant's contention that the automobile was not property of the bankruptcy estate upon the filing of plaintiff-debtor's bankruptcy petition. Because resolution of this issue is not necessary for the disposition of this adversary proceeding, the court will merely summarize its position.

Although Ohio Rev.Code § 4505.10 lists the repossession of a motor vehicle as an illustration of an event that may result in a transfer of ownership by operation of law, a reading of the statute does not require the conclusion that the mere act of repossession is sufficient to cause a change of ownership. The statute explicitly refers to the Article 9 provisions of the Ohio Revised Code (§§ 1309.01 to 1309.50) and this court is of the opinion that Ohio Rev.Code § 4505.10 contemplates a "completion" of the repossession procedure under state law, wherein a debtor's rights to redeem under Ohio Rev.Code § 1309.49 may be cut off, before ownership of a motor vehicle is transferred by operation of law. In addition, in the case of retail installment contract, Ohio law supplements Section 1309.49 by providing in Ohio Rev.Code § 1317.12 that a debtor may "cure" his default and recover the collateral without paying the full debt. Further support for the conclusion that the debtor in the instant matter still had rights in her automobile at the time of filing her bankruptcy petition is found in Ohio case law. In a discussion of a debtor's insurable interest in collateral, an Ohio court has noted that a debtor's insurable interest in collateral—

is extinguished, at the earliest, by the expiration of his right to retain possession of the collateral under R.C. 1309.49 and 1317.12. Only at this point in time is the secured creditor-beneficiary in a position to assert full control over the collateral and subject the value of the collateral to the payment of the debt. *Smith v. Acceleration Life Ins. Co.*, 4 Ohio App.3d 105, 446 N.E.2d 855, 859 (1982). This court finds that as of the date plaintiff-debtor's petition in bankruptcy was filed, she possessed the right to cure or redeem the automobile and "ownership" of the automobile had not passed to defendant.

Defendant contends that even if the plaintiff-debtor possessed the right to cure or redeem, these were the only rights that became property of the estate and the automobile itself did not become estate property. This argument has been explicitly rejected by the Supreme Court which concluded "that the reorganization estate includes property of the debtor that has been seized by a creditor prior to the filing of a petition for reorganization." *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 209, 103 S.Ct. 2309, 2315, 76 L.Ed.2d 515 (1983).[1]

In the instant matter, because of this court's policy regarding uninsured automobiles, no violation of the automatic stay was found despite the fact that the automobile was property of the estate. This policy, however, is narrow in scope and should not be construed as otherwise excusing creditors from their general obligation to return repossessed estate property to debtors in chapter 13 cases.

For the foregoing reasons it is hereby ORDERED that defendant's motion for summary judgment is SUSTAINED and judgment is awarded to defendant.

[1]. Although *Whiting Pools* was decided in the context of a chapter 11 proceeding, the decision is equally applicable to chapter 13 cases. *See, e.g., Associates Commercial Corp. v. Attinello (In*

*re Attinello*), 38 B.R. 609 (Bankr.E.D.Pa.1984); *Tektronix Employees Federal Credit Union v. Titel (In re Titel*), 37 B.R. 173 (Bankr.Ariz.1984).