**In re Henry Charles BILLERMAN and Pamela Sue Billerman, Debtor(s).**

**Bankruptcy No. 87–00155.**

United States Bankruptcy Court, N.D. Ohio, W.D.

June 21, 1988.

**134**

Steven L. Diller, Van Wert, Ohio, for debtors.

William Scott O'Brien, Findlay, Ohio, Trustee.

Thomas W. Heintschel, Toledo, Ohio, for F & J Farm Service, Inc.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on the Objection of F & J Farm Service, Inc. to Debtors' Claim of Exemptions and the Objection of F & J Farm Services, Inc. to Debtors' Motion to Avoid Liens of Central Trust Co. and F & J Farm Services, Inc. After the Hearing, the Court allowed the parties to file Briefs setting forth additional arguments directed to issues raised during the Hearing. The Court has reviewed the exhibits and the arguments of counsel. Based on that review, and for the following reasons, the Court finds that the Objections of F & J Farm Services, Inc. should be Overruled, and Debtors' Motion to Avoid Liens should be Granted.

## FACTS

The facts in this case are not in dispute. On May 27, 1986, the Objector, F & J Farm Service, Inc., obtained a judgment against the Debtors in the amount of Ten Thousand One Hundred Sixty-six Dollars and Seventeen Cents ($10,166.17), plus interest and costs. F & J also caused a lien to be placed on the Debtors' property. On September 24, 1986, the Peoples Bank Co., which held a first mortgage on the Debtors' residence, commenced a foreclosure proceeding in the Mercer County Court of Common Pleas. The judgment entry was entered in the foreclosure action on November 13, 1986. The entry granted judgment in favor of Peoples Bank Co., and ordered that the residence be sold at foreclosure sale. The entry also expressly provided that unless the Debtors paid all sums owed under the judgment within three days of the entry of the foreclosure order, the equity of redemption would be terminated.

On January 26, 1987, the Debtors' residence was sold at sheriff's sale for the sum of Thirty-four Thousand Dollars ($34,000.00). On the following day, the Debtors filed a Chapter 13 Petition, which was assigned to this Court. In the Petition, the Debtors claimed a homestead exemption pursuant to O.R.C. § 2329.66(A)(1).

The Peoples Bank Co. filed a Motion for Abandonment and Modification of Stay on February 4, 1987. The Motion sought an Order allowing the completion of the foreclosure process, including confirmation of the sale and distribution of the proceeds. The Court entered the Order of Abandonment and Modification of Stay on March 5, 1987. The same day, the Debtors filed a Motion to Convert the case to Chapter 7. On March 9, 1987, the case was converted to a Chapter 7. The Mercer County Court of Common Pleas also entered the order confirming the foreclosure sale on March 9, 1987.

On March 19, 1987, the Debtors filed their Motion to Avoid Judgment Liens, including the judgment lien of F & J Farm Service, Inc.

After paying the first mortgage held by Peoples Bank Co., court costs, conveyance

fees and taxes, the Trustee of the Debtors' bankruptcy estate received the sum of Three Thousand Eight Hundred Six Dollars and Sixty-four Cents ($3,806.64) of the sale proceeds, as required by this Court's March 5th Order of Abandonment and Modification of Stay. The Order stated, in pertinent part:

2. It is further ordered that the automatic stay herein is hereby modified to permit the completion of Case No. 86–CIV–77, in the Common Pleas Court of Mercer County, Ohio by allowing confirmation of sale and distribution of proceeds, with any proceeds in excess of the first mortgage, real estate taxes, and court costs therein to be turned over to the Trustee.

## LAW

The Court will first address the Objection to Debtors' List of Exempt Property by F & J Farm Service, Inc. The Creditor Objects to the Debtors' claiming a homestead exemption in their B–4 Schedules. As previously noted, the property in question had been sold at sheriff's sale the day before the Debtors filed their Chapter 13 Petition.

Ohio has elected to "opt out" of the federal exemptions pursuant to 11 U.S.C. § 522(b). Accordingly, under § 522(b)(2)(A), the Court is required to apply state law when a debtor is not acting under the federal exemptions. *See,* § 522(b)(2)(A); *In re Dixon,* 85 B.R. 745, (N.D.Ohio 1988). Ohio's homestead exemption provision is set forth in O.R.C. § 2329.66(A)(1), which states:

**2329.66 Property that person domiciled in this state may hold exempt**

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence;

Ohio law requires that state exemption statutes be interpreted beneficially for the Debtor. *In re Dixon, supra.* In effect, when there is a doubt as to the intent of the statute, it should be construed in favor of the Debtor. *Dennis v. Smith,* 125 Ohio St. 120, 125, 180 N.E. 638, 640 (1932); *In re Cope,* 80 B.R. 426, 427 (Bankr.N.D.Ohio 1987).

A debtor's eligibility for exemptions is determined as of the date the Petition is filed. *See, In re Cope, supra* at 427. The Debtors' have stated that at the time the Petition was filed, they were still residing in the home. As this Court has noted, when residence has been established, it continues until the property is abandoned. *Id.,* at 428. However, there is another requirement which the Debtors must meet in order to exempt the property. They must have a legal or equitable interest in the property that they wish to exempt. Obviously, renters cannot take a homestead exemption under Ohio law. Implicit in the statute is the fact that "interest" means some type of individual ownership interest. *See, Gaylord, Son & Co. v. Imoff & Co.,* 26 Ohio St. 317, 322 (1875).

The initial problem in this case involves the interaction of federal and state law, and the status of the Debtors' interest as a result of that interaction. The Creditor argues that the Sixth Circuit decision in *In re Glenn,* 760 F.2d 1428 (6th Cir.1985) holds that a debtor's rights in real property are terminated when the property is sold at a foreclosure sale. The Debtors in this case contend that the *Glenn* decision only applies to the ability of a debtor to "cure" a mortgage default under 11 U.S.C. § 1322(b). They assert that state law, rather than *Glenn,* should be controlling.

A review of the *Glenn* decision reflects the Court of Appeals was concerned with the need to establish a uniform "cut off point" for the cure of mortgage defaults in Chapter 13 cases. The *Glenn* court found that the need for uniformity, under the federal statute, warranted a clear, "bright line" rule which was not dependent on state law. In the present case, the Debtors are seeking to take their home-

stead exemption under the Ohio statute. Their claim of exemption is not dependent on bankruptcy law, as was the mortgage "cure" in the *Glenn* case. Therefore, it appears that the Court should look to state law in determining the rights of the parties, rather than expanding *In re Glenn.* The Supreme Court has stated, "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law." *Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 917, 59 L.Ed.2d 136, 141 (1979). The Supreme Court went on to instruct:

> Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interest should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving 'a windfall merely by reason of the happenstance of bankruptcy.'

*Butner, supra,* 440 U.S. at 55, 99 S.Ct. at 918, 59 L.Ed.2d at 141–142. Thus, unless there is a countervailing federal interest, state law should govern. *See, Matter of Roach,* 824 F.2d 1370, 1374 (3rd Cir.1987).

█ The Creditor argues that even under Ohio law, the Debtors' cannot claim their homestead exemption because they had no interest in the property. F & J Farm Service's counsel directs the Court's attention to the November 13, 1986 Judgment Entry, which states in pertinent part:

> It is further ordered, adjudged, and decreed that unless the Defendants, Henry C. Billerman and Pamela S. Billerman, shall within three (3) days from the entry of this decree, pay or cause to be paid to the Clerk of Courts the costs of this case and to the Plaintiff herein the sums so *found due as aforesaid, with interest, the equity of redemption of Henry C. Billerman and Pamela S. Billerman be foreclosed and the real estate sold, and that an order of sale issue therefore to the Sheriff of this County, directing him to appraise, advertise and sell said real estate, as upon execution and to report his* proceedings to this Court for further orders.

In *Gossard v. Hillman,* slip op., No. 478, 1984 WL 3482, (Ohio Ct.App. May 16, 1984), the Court of Appeals for Jackson County considered similar language which purported to terminate the mortgagor's right to redeem prior to sale. The Court of Appeals reviewed the relevant case law authority and concluded:

> Given the well settled Ohio rule that the right to redeem exists until confirmation of sale, we are not pursuaded that the Court below intended by the language in question to restrict or impair the right to redeem irrespective of whether such right exists by common law or statute alone, since, obviously, the court is without such authority.

The *Gossard* decision appears to be correct. Accordingly, the Court finds that the Debtors' equity of redemption continued to exist at the time they filed their Chapter 13 Petition. This Court considered a similar set of facts in *In re Gallardo,* 35 B.R. 321 (Bankr.N.D.Ohio 1983). The Opinion stated, "It is well established that a right of redemption which exists at the time a bankruptcy petition is filed becomes property of the bankruptcy estate." *Gallardo, supra,* at 322. *See also, In re Brown,* 734 F.2d 119, 123 (2d Cir.1984). As property of the estate, a debtor may claim that it is exempt from the estate if the exemption could be taken under Ohio law. In the present case, it appears the Debtors did not claim their exemption until after the property was sold. However, the exemption was asserted prior to the confirmation of the foreclosure sale. Under these circumstances, the homestead exemption should be allowed. While the claim of exemption is more properly asserted earlier in the foreclosure proceeding, the failure to claim the exemption until the day after the sale does not extinguish it. As previously noted, courts are to give the homestead exemption a liberal construction in keeping with the humane policy underlying the Act.

The homestead exemption being applicable to the property in question, the Debtors may also avoid the Creditors' judicial liens. Since the Debtors' homestead exemption is an interest in property that is impaired by a

judicial lien, the lien is subject to avoidance by the exercise of the power given to debtors under § 522(f). *See, In re Brown,* 81 B.R. 432 (N.D.Ohio 1985); *In re Lusk,* 80 B.R. 428 (Bankr.N.D.Ohio 1987); *In re Dixon,* 79 B.R. 702 (Bankr.N.D.Ohio 1987), *aff'd,* 85 B.R. 745 (N.D.Ohio 1988); *Matter of Anderson,* 57 B.R. 953 (Bankr.S.D.Ohio 1986); *In re Gallardo,* 35 B.R. 321 (Bankr. N.D.Ohio 1983).

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Objection of F & J Farm Service, Inc. to Debtors' Claim of Exemptions be, and is hereby, Overruled.

It is FURTHER ORDERED that Debtors' Motion to Avoid Liens of Central Trust Co. and F & J Farm Service, Inc. be, and is hereby, Granted.

It is FURTHER ORDERED that the Trustee pay over the proceeds of the foreclosure sale to the Debtors.