**In re Bruce Allen BINGHAM, Rose Mary Bingham, Debtors.**

**Bankruptcy No. 1-90-00424.**

United States Bankruptcy Court, N.D. Ohio, W.D.

April 25, 1990.

Nicholas W. Jones, Delaware, Ohio, for debtors.

Anthony B. DiSalle, Toledo, Ohio, Trustee.

John J. Hunter, Jr., Toledo, Ohio, for Soc. Nat. Bank.

## OPINION AND ORDER GRANTING APPLICATION TO RECOVER SUBJECT TO PAYMENT OF EXPENSES

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon Debtors' application to recover repossessed property to which Society National Bank has objected. Upon consideration thereof, the court finds that said objection is not well taken and should be overruled and that Debtors may recover the repossessed property subject to payment to Society National Bank of the expenses reasonably incurred by it in retaking and holding the property.

### FACTS

The facts pertinent to resolution of this issue are undisputed. Debtors, in October, 1989, voluntarily surrendered their 1987 Oldsmobile Cutlass Ciera automobile to secured creditor, Society National Bank. On February 13, 1990, Debtors filed their chapter 13 petition and plan, proposing to pay Society National Bank the value of its secured claim, with interest at the contract rate including repossession charges, with a dividend of at least 70% on the unsecured balance. On February 13, 1990, Debtors filed the instant application to recover the repossessed Oldsmobile to which Society objected. Debtors state that this vehicle is needed in order for Debtor Rose Mary Bingham to commute to work, the loss of which causes a great hardship on Debtors and their ability to propose and fund a feasible chapter 13 plan.

Society objects to Debtors' application contending that the transfer of title, as a result of Debtors' voluntary surrender, divests this court of jurisdiction and that the vehicle is not property of the bankruptcy estate. Debtors assert that the vehicle remains Debtors' property until sold; Debtors' rights in the property are not terminated, pursuant to state law, until the repossessed collateral is sold.

### DISCUSSION

Initially, the court finds that " 'Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law.' " *In re Billerman*, 88 B.R. 133, 136 (Bkrtcy.N.D.Ohio 1988) (citing *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)). Pursuant to O.R.C. § 1309.49, Debtor, at any time prior to disposition by a secured creditor in its collateral, may

> redeem the collateral by tendering fullfillment of all obligations secured by the collateral as well as the expenses reasonably incurred by the secured party in retaking, holding, and preparing the collateral for disposition. . . .

Society has not yet disposed of the property. Therefore, the Court finds that the "Debtors' equity of redemption continued to exist at the time they filed their Chapter 13 Petition." *Billerman*, 88 B.R. at 136. *See also In re Foam Systems Co.*, 92 B.R. 406 (9th Cir.B.A.P.1988) (the existence and nature of Debtor's interest in property are determined by reference to state law); *In re Cooley*, 87 B.R. 432, 17 B.C.D. 903 (Bkrtcy.S.D.Texas 1988) (whether a Debtor possesses an interest in property is governed by state law); *Matter of Mullarkey*, 81 B.R. 280 (Bkrtcy.D.N.J.1987) (upon commencement of the case, a Debtor retains the property rights that existed under state law at the time of filing).

Furthermore,

> although Ohio Rev.Code § 4505.10 lists the repossession of a motor vehicle as an illustration of an event that may result in a transfer of ownership by operation of

law, a reading of the statute does not require the conclusion that the mere act of repossession is sufficient to cause a change of ownership.

\* \* \* \* \* \*

This court finds that as of the date [Debtors'] petition in bankruptcy was filed, [they] possessed the right to cure or redeem the automobile and "ownership" of the automobile had not passed to [Society].

*In re Sutton,* 87 B.R. 46, 48–49 (Bkrtcy.S. D.Ohio 1988)

Because Debtors have an interest in the Oldsmobile, and that interest constitutes property of the estate, turnover of this property may be ordered pursuant to § 542. *In re Contractors Equipment Supply Co.,* 861 F.2d 241 (9th Cir.1988). *See also United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) (property of the estate encompasses property of the Debtor that was seized by a creditor before the petition was filed); *In re Caldwell,* 81 B.R. 164, 18 C.B.C.2d 23 (Bkrtcy.M.D.Ga.1988) (several provisions of § 541 bring into the estate property in which Debtor did not have a possessory interest at the time the bankruptcy proceedings commenced). Society must, then, upon Debtors' payment of the reasonable expenses incurred in retaking this property, turnover the Oldsmobile as it constitutes property of the estate. Furthermore, in accordance with other provisions of title 11, Debtors may, then, provide for payment to Society in accordance with § 1322. In light of the foregoing, it is therefore

ORDERED that Debtors' application to recover repossessed property be, and it hereby is, granted, subject to Debtors' payment to Society National Bank of the expenses reasonably incurred by it in retaking and holding the 1987 Oldsmobile Cutlass Ciera.