**In re J. Barry McLAUGHLIN,**
**Debtor–Appellant,**

v.

**INTERNAL REVENUE SERVICE,**
**et al., Appellees.**

**No. C89–604.**

United States District Court,
N.D. Ohio.

June 28, 1991.

Howard E. Mentzer, Rajko Radonjich, Mentzer, Vuillemin & Robinson, Akron, Ohio, for appellant J. Barry McLaughlin.

D. Patrick Mullarkey, Susan M. Poswistilo, U.S. Dept. of Justice, Tax Div., Washington, D.C., for appellee I.R.S.

Richard A. Wilson, Kent, Ohio, trustee.

ORDER

LAMBROS, Chief Judge.

This bankruptcy appeal arises under Title 28 U.S.C. § 158 and Rule 8001 of the Bankruptcy Rules. Debtor–Appellant, J.

Barry McLaughlin, appeals from the bankruptcy court's order dismissing his Motion to Show Cause Why Creditor I.R.S. Should Not be Held in Civil Contempt for Violation of Automatic Stay Provisions · under 11 U.S.C. § 362(a) and Request for Damages under 11 U.S.C. § 362(h).

The debtor claims he is entitled to an award of actual and punitive damages against the United States under Title 11 U.S.C. § 362(h) as a result of the IRS' alleged violation of the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362(a).

### BACKGROUND

On February 29, 1988, J. Barry McLaughlin (herein "McLaughlin") filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code invoking the automatic stay provisions of 11 U.S.C. § 362. McLaughlin listed two (2) individual IRA accounts; one with Butcher & Singer in the amount of $3,500.00 (herein "the Butcher Account") and one with Investor's Fiduciary Trust Co. in the amount of $3,100.00 (herein "the Investor's Account"). He claimed both IRA accounts as exempt from the bankruptcy estate pursuant to Ohio Rev.Code § 2329.66(A)(10)(c).

In his petition, McLaughlin disclosed a federal tax delinquency owing to the Internal Revenue Service (herein "the IRS") in the amount of $17,165.33 for the tax years of 1977 through 1979. The IRS made an assessment against McLaughlin for his 1977 and 1978 tax liability on February 27, 1980 and for the 1979 liability on May 26, 1980. The IRS filed notices of tax liens in the Index to Internal Revenue Taxes, Office of the Recorder of Summit County, Ohio on August 13, 1980 in the amount of $7,906.50 and on December 15, 1981 in the amount of $13,499.13.

In attempting to collect the tax delinquency, the IRS filed a notice of levy on the Investor's Account on February 8, 1988 and on the Butcher Account on February 22, 1988. One week later, on February 29,

1988, McLaughlin filed his Chapter 7 petition in bankruptcy. He states that through his counsel, he delivered a copy of the bankruptcy petition to the IRS offices on February 28, 1988 and, further, that he advised the IRS to refrain from collection on both March 9 and 11, 1988.[1] He also states that the IRS refused to seek relief from the automatic stay.

On March 14, 1988, the IRS received the total cash proceeds contained in the Investor's Account: $3,208.38. Thereafter McLaughlin filed a motion to show cause as to why the IRS should not be held in contempt for violation of the automatic stay provisions. By Finding and Order dated February 23, 1989, Bankruptcy Judge White dismissed McLaughlin's motion and request for damages. On appeal, the issues before this court are whether the IRS violated the automatic stay provisions of the bankruptcy code and, if so, whether McLaughlin is entitled to recover actual and/or punitive damages.

### DISCUSSION

Pursuant to Bankruptcy Rule 8013, the bankruptcy court's "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous ..." *Accord, Stephens Industries, Inc. v. McClung,* 789 F.2d 386 (6th Cir.1986); *In re Dixon,* 85 B.R. 745 (N.D.Ohio 1988). The bankruptcy court's conclusions of law, on the other hand, are subject to *de novo* review. *Stephens,* 789 F.2d at 389; *Dixon,* 85 B.R. at 746.

McLaughlin argues that the funds contained in the Investor's Account became property of the bankruptcy estate pursuant to 11 U.S.C. § 541 immediately upon the filing of his Chapter 7 petition and, therefore, were protected from seizure by the automatic stay provisions of the Bankruptcy Code. He challenges Bankruptcy Judge White's conclusion that the pre-petition filing of a notice of levy transfers ownership of the IRA account to the IRS thereby extinguishing any rights of the debtor in

---

**1.** The IRS disputes McLaughlin's assertion that he advised the IRS not to proceed with collection.

the account. Instead, he argues that "actual physical seizure" prior to the commencement of the bankruptcy case was necessary to extinguish his legal and equitable rights in the account.

Immediately upon the filing of a Chapter 7 petition in bankruptcy, an automatic stay is invoked which prohibits the commencement or continuation of any action by a creditor to collect a pre-petition debt. Section § 362 provides as follows:

> (a) [A] petition filed under section 301, 302 or 303 of this title operates as a stay, applicable to all entities, of—
>
> (3) any act to obtain possession of property of the estate or of property from the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

Thus, to the extent that the funds in the Investor's Account became property of the bankruptcy estate upon the filing of the petition, they were protected by the automatic stay from post-petition collection attempts. Section 541 of the Bankruptcy Code governs whether property becomes part of the bankruptcy estate upon the filing of a petition. Subsection (a) thereof provides in part:

> Such estate is comprised of all the following property, wherever located:
>
> (1) except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

■ It is, therefore, necessary to determine whether the McLaughlin possessed any interest in the Investor's Account at the time he filed his Chapter 7 petition. The case law is far from uniform on the issue of whether a pre-petition tax levy extinguishes all interests of the debtor in an asset. McLaughlin cites *United States v. Whiting Pools*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) for the proposition that a notice of levy served by the IRS

prior to the debtor's filing of a bankruptcy petition does not serve to divest the debtor of its interest in the property subject to the levy. However, in that case, the IRS levied on tangible personal property, rather than upon cash or a cash equivalent. The *Whiting Pools* court held that "[o]wnership of the property is transferred only when the property is sold to a bona fide purchaser at a tax sale." *Id.* at 211, 103 S.Ct. at 2317. An important distinction lies between the *Whiting Pools* case and the case at bar. Where a saleable asset is involved, the debtor retains two (2) identifiable interests in the property: 1) the right of redemption; or 2) the right to any surplus sale proceeds. Internal Revenue Code; Title 26 U.S.C. §§ 6337, 6342.

Cases involving a tax levy upon cash and cash equivalents have produced inconsistent results. *In re Cleveland Graphic Reproduction, Inc.*, 78 B.R. 819 (N.D.Ohio 1987), stands for the proposition that a pre-petition levy on an account receivable does not divest the debtor of *all* interest in the account, and therefore, the account becomes part of the bankruptcy estate. *See also, Rouse v. United States*, 41 B.R. 520 (E.D.Ky.1984). However, unlike the IRA at issue here, an account receivable is not a cash equivalent in that it may be sold at a tax sale at discounted value.

The present case is distinguishable from *Whiting Pools* and *Cleveland Graphic* on several bases. First, the asset involved in this case is an IRA and the debtor would have no interest in redemption or in any surplus funds. "A debtor's interest in cash equivalent property, by contrast, is extinguished when the IRS properly executes a levy on the property; after this point, the debtor retains no identifiable residual interest which could conceivably bring the property into the bankruptcy estate for the purposes of 11 U.S.C. § 541." *In re Brown*, 126 B.R. 767 (N.D.Ill.1991); *accord, Rose v. Commercial National Bank*, 112 B.R. 12 (E.D.Tex.1989). Once an account is levied by the IRS, it comes into the constructive possession of the IRS even though it is not in their actual possession. *In re Roland*, Case No. 88–12808, 1989 WL

**12**

200424 (Bankr.W.D.Tex., March 28, 1989). McLaughlin's argument that "actual physical seizure" of an asset is necessary to extinguish a debtor's rights in a cash equivalent asset must, therefore, fail.

Second, this case differs from *Whiting Pools* in that the amount of the tax levy exceeded the total amount of funds held in the Investor's Account. At least one Circuit Court has held that even an account receivable would not become part of the bankruptcy estate after notice of an IRS levy where there is "no possible likelihood of any surplus arising out of the sale or liquidation of the account levied upon." *Cross Electric Company v. United States of America,* 664 F.2d 1218 (4th Cir.1981).

Further, this case differs from *Whiting Pools* because part of that court's rationale turned on the necessity of the asset a successful reorganization. In that case, the debtor filed a petition under Chapter 11; the instant case is a liquidation proceeding brought under Chapter 7 of the Bankruptcy Code. The Investor's Account is, therefore, not necessary for a successful reorganization. *In re Brown,* 126 B.R. at 772.

Based on the foregoing, this court finds that, upon the pre-petition notice of levy of the Investor's Account by the IRS, the account was transferred to the IRS, and McLaughlin ceased to possess any interest in the account. Accordingly, the Investor's Account did not become part of the bankruptcy estate, and therefore, received no protection from the automatic stay. Thus, the IRS' recovery of the funds in the Investor's Account did not violate the automatic stay. As there was no violation of the stay, McLaughlin is not entitled to sanctions. The bankruptcy court's decision is, therefore, affirmed.

IT IS SO ORDERED.