**In re Joe Willie JACKSON and Mary C–M Jackson, Debtors.**

**Joe Willie JACKSON and Mary C–M Jackson, Plaintiffs,**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, Defendant.**

**Bankruptcy No. 92–30725.
Adv. No. 92–3068.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

June 2, 1992.

James M. Perlman, Toledo, Ohio, for plaintiffs.

Jane L. Lackey, Toledo, Ohio, for defendant.

OPINION AND ORDER GRANTING
PERMANENT INJUNCTION
AND TURNOVER

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter came on for hearing upon plaintiff's request for permanent injunction

to prohibit defendant from selling the automobile previously repossessed. Upon consideration of the evidence adduced at the hearing and the parties' post-hearing briefs, the court finds that said request is well taken, that defendant should be enjoined from selling the automobile in its possession and that defendant should turnover to plaintiffs the automobile previously repossessed in accordance with this opinion and order.

## FACTS

On February 28, 1992, Debtors/plaintiffs filed their voluntary petition under chapter 13 of title 11. Thereafter, on March 3, 1992, plaintiffs filed a verified complaint, seeking turnover of an automobile currently in defendant's possession and motion for temporary restraining order, prohibiting defendant from selling said automobile. Defendant previously financed the purchase of that automobile. On January 27, 1992, defendant repossessed the automobile, obtaining a "repo title." Defendant sent notice of plaintiff's default under the contract to plaintiff on January 31, 1992. Sale of that automobile was scheduled for March 4, 1992, but has been stayed.

A hearing upon plaintiffs' motion for temporary restraining order was held on March 3, 1992. At that hearing, the court granted plaintiffs' motion, enjoining defendant from selling that car until the hearing on the preliminary injunction, but permitted the car to remain in defendant's possession.

A hearing upon the preliminary injunction was held on March 16, 1992. Plaintiff Willie Joe Jackson testified that the car currently in defendant's possession was the family car. Plaintiffs state that this vehicle is needed for Mr. Jackson to commute to work and to accommodate plaintiffs' family. The loss of the vehicle imposes a hardship upon plaintiffs.

Mr. Jackson explained the car was impounded late one evening while he was driving the automobile in issue with some friends. One of the passengers saw another friend, whom Mr. Jackson did not know, walking down the street and asked Mr. Jackson if he would stop and give him a ride. Mr. Jackson agreed. A few blocks later, the police stopped the car and, after searching it and its occupants, impounded the car as a result of drug charges. Mr. Jackson was not charged with a drug offense. Mr. Jackson was, subsequently, informed that the vehicle had been turned over to defendant. He further stated that he was informed by a representative from defendant corporation, that although defendant did not usually repossess a car of an individual with plaintiffs' payment history, the drug offense posed a different situation.

Mr. Jackson testified that he has been using his pickup to commute to work, although that vehicle is not in good condition. Furthermore, the pickup cannot accommodate his family as there is insufficient room for a car seat. However, he has not missed work since the car was taken; he has traveled to work with others when the truck is not operable.

The parties were granted leave to file post-hearing briefs. Defendant states that the automobile was turned over to it from the Lima city police, on or about January 27, 1992, after being impounded, on November 28, 1991, as a result of two occupants' possession of cocaine. Defendant maintains that because the vehicle was retitled in defendant's name, on February 13, 1992, plaintiffs are without legal interest to that vehicle as of the date of their petition. Furthermore, plaintiffs have failed to cure the default under the agreement between the parties, pursuant to O.R.C. § 1317.12. As a result, plaintiffs may not, at this juncture, redeem that collateral. Finally, defendant states that pursuant to O.R.C. §§ 2933.42 and 2933.43, its security interest may be forfeited if the vehicle is subsequently used in an offense involving contraband.

Plaintiffs rebut defendant's assertions stating that plaintiffs would not be "picking up strangers again." Additionally, plaintiffs maintain that the vehicle "is absolutely crucial and necessary" for work and family purposes. Lastly, plaintiffs as-

sert that insurance will be obtained upon turnover of that vehicle.

## DISCUSSION

 Initially, the court notes that " 'Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law.' " *In re Billerman*, 88 B.R. 133, 136 (Bkrtcy.N.D.Ohio 1988) (citing *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)). Pursuant to O.R.C. § 1309.49, plaintiffs, at any time prior to disposition by a secured creditor in its collateral, may

redeem the collateral by tendering fulfillment of all obligations secured by the collateral as well as the expenses reasonably incurred by the secured party in retaking, holding, and preparing the collateral for disposition, in arranging for the sale.

Defendant has not yet disposed of the property. Therefore, the court finds that the "Debtor's equity of redemption continued to exist at the time they filed their chapter 13 petition." *Billerman*, 88 B.R. at 136. *See also In re Bialac*, 712 F.2d 426 (9th Cir.1983) (we hold that a pre-foreclosure right to redeem is a property right under § 541 whether it stems from ownership of entire underlying property or only a fractional share); *In re Foam Systems Co.*, 92 B.R. 406 (9th Cir. BAP 1988) (the existence and nature of Debtor's interest in property are determined by reference to state law); *In re Cooley*, 87 B.R. 432, 17 B.C.D. 903 (Bkrtcy.S.D.Texas 1988) (whether a Debtor possesses an interest in property is governed by state law); *Matter of Mullarkey*, 81 B.R. 280 (Bkrtcy.D.N.J.1987) (upon commencement of the case, a Debtor retains the property rights that existed under state law at the time of filing).

Furthermore,

although Ohio Rev.Code § 4505.10 lists the repossession of a motor vehicle as an illustration of an event that may result in a transfer of ownership by operation of law, a reading of the statute does not require the conclusion that the mere act

of repossession is sufficient to cause a change of ownership.

\* \* \* \* \* \*

This court finds that as of the date [Debtors'] petition in bankruptcy was filed, [they] possessed the right to cure or redeem the automobile and "ownership" of the automobile had not passed....

*In re Sutton*, 87 B.R. 46, 48–49 (Bkrtcy. S.D.Ohio 1988).

 As a result of plaintiffs' interest in the automobile, defendant, at this juncture, should be enjoined from selling same. Furthermore, because plaintiffs have an interest in the vehicle, and that interest constitutes property of the estate, turnover of this property may be ordered pursuant to § 542. *In re Contractors Equipment Supply Co.*, 861 F.2d 241 (9th Cir.1988). *See also United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) (property of the estate encompasses property of the Debtor that was seized by a creditor before the petition was filed); *In re Caldwell*, 81 B.R. 164, 18 C.B.C.2d 23 (Bkrtcy.M.D.Ga.1988) (several provisions of § 541 bring into the estate property in which Debtor did not have a possessory interest at the time the bankruptcy proceedings commenced). Although the instant hearing was held upon plaintiffs' motion for temporary restraining order, defendant has answered plaintiffs' complaint and the parties presented testimony and oral argument in support of plaintiffs' request for turnover. The court will, then, adjudicate the merits of plaintiffs' complaint.

 Defendant's counsel argued at the hearing that turnover should not be ordered as the vehicle was not insured and that plaintiff's insurance, in the past, has been cancelled. Plaintiff testified that he is in a position to obtain insurance if the car were turned over to him. Based upon this representation, the court is persuaded that defendant's argument is not well taken. As discussed, *infra*, the court finds that defendant should turnover the automobile; plaintiffs' failure to obtain and maintain insurance could support a motion

for relief from stay or other remedies available to defendant and the court is not convinced by this argument.

■ Defendant's counsel also argued that the vehicle is subject to O.R.C. § 1317.12 as the parties' contract represents a retail installment contract. Thus, defendant asserts, plaintiffs had 20 days from repossession or 15 days from the notice in which to redeem the vehicle; because plaintiffs failed to redeem, they have no interest in the vehicle.

The court does not concur in defendant's analysis. Initially, the court finds that the Retail Installment Sales Act, O.R.C. Chapter 1317 (RISA) does not apply to defendant; defendant is a financial institution. That is,

> plaintiffs agree that the central issue is whether, in obtaining their loans, they were customers of the car dealers, or of the bank. If the plaintiffs were customers of the car dealers, the provision of RISA apply to the retail installment contracts. On the other hand, if the plaintiffs were customers of the bank, RISA does not apply because the bank is a "financial institution" as defined by R.C. 5725.01.

*Mullen v. Fifth Third Bank,* 43 Ohio App.3d 69, 70, 539 N.E.2d 683 (1988). Because defendant is engaged in the business of lending money, RISA is inapplicable and the redemption time referenced by defendant's counsel is not controlling. *See* O.R.C. § 5725.01(A).

■ The court is also persuaded that RISA does not govern the instant situation as defendant's notice to Mr. Jackson provides in pertinent part:

> You can get your vehicle back any time until it is sold....
>
> * * * * * *
>
> The longer you wait, the more you may have to pay to get your vehicle back....

Defendant's Memorandum, Letter of January 31, 1992 from Defendant to Mr. Jackson (April 24, 1992). Based upon these statements, it appears that plaintiffs had the opportunity to redeem the vehicle until sale. Furthermore, Mr. Jackson testified that he understood that he had the right to obtain the car until sale. The court finds, based upon the statute, defendant's own exhibits and Mr. Jackson's understanding, that plaintiffs had the opportunity to redeem in accordance with O.R.C. § 1309.49, previously cited. *See supra* pp. 174–75. Thus, the court is unpersuaded by this argument.

■ Lastly, defendant contends that if the vehicle is turned over to plaintiffs and if it is involved in an offense, the vehicle is subject to seizure and forfeiture of defendant's security interest pursuant to O.R.C. § 2933.43. However, based upon the record, this assertion does not support defendant's continued retention of the automobile. As found, plaintiffs have an interest, an opportunity to redeem, in the vehicle repossessed by defendant. This interest is includable in plaintiffs' estate pursuant to 11 U.S.C. § 541. Notwithstanding defendant's concern that the vehicle may be subsequently seized and forfeited, it appears that the procedure set forth in O.R.C. § 2933.43 prohibits forfeiture of defendant's security interest by providing:

> [n]o bona fide security interest shall be forfeited pursuant to this division if the holder of the interest establishes, by a preponderance of the evidence, that he neither knew, nor should have known after a reasonable inquiry, that the property was used, or likely to be used, in a crime or administrative violation, that he did not consent, expressly or impliedly, to the use of the property in a crime or administrative violation, and that the security interest was perfected pursuant to law prior to the seizure.

Thus, it appears that defendant's security interest is protected by the statute. The court is unpersuaded by this argument.

Defendant must, then, upon plaintiffs' payment of the reasonable expenses incurred in retaking this property, turnover the vehicle as it constitutes property of the estate. Turnover is, however, subject to plaintiffs' providing proof of, and maintaining, insurance; failure to maintain insurance, upon the filing of an appropriate

pleading, may result in a surrender of the automobile to defendant. In light of the foregoing, it is therefore

ORDERED that plaintiff's request for permanent injunction be, and hereby is, granted. It is further

ORDERED that defendant turnover the vehicle to plaintiffs subject to plaintiffs' payment to defendant of the expenses reasonably incurred by it in retaking and holding the vehicle and providing proof of insurance.